H. C. Moody & Sons, et al. *v*. Dedeaux.

No. 39532          April 11, 1955          79 So. 2d 225

*Watkins & Eager, Shelby Rogers,* Jackson, for appellants.

*Morse & Morse,* Poplarville, for appellee.

ETHRIDGE, J.

This case involves questions concerning the interpretation and application, to voluntary payments of compensation to a minor, of the one-year statute of limitation on reopening claims under the Workmen's Compensation Act. The statute in question is Section 21 of Chapter 354, Miss. Laws 1948, being Code of 1942, Section 6998-27:

"Continuing jurisdiction of the commission. — Upon its own initiative, or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase or decrease such compensation, or award compensation. Such new order shall not affect any compensation pre-

viously paid, except that an award increasing the compensate rate may be made effective from the date of the injury, and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such method as may be determined by the commission."

On March 6, 1950, appellee J. L. Dedeaux was working for appellant, H. C. Moody and Sons, cutting stumps. His axe slipped, and he cut the top of his left foot, which resulted in "laceration of dorsal surface of left foot, extensor tendons cut, fracture of third and fourth metatarsal bones." Appellee was born on July 23, 1930, so at the time of his injury on March 6, 1950, he was approximately 19 years and 8 months of age. He was then married and had two children. Dr. V. E. Landry of Poplarville treated appellee. The employer did not controvert Dedeaux's right to compensation, and appellants began the voluntary payment of compensation to appellee for a temporary total disability. As required by the Act, appellants on April 15, 1950, made a report to the Commission of. the initial payment of the compensation to Dedeaux, which showed that up to that time appellee had been paid $125 compensation at the rate of $25 per week.

Dr. Landry, on April 6, 1950, made to the Commission the physician's initial diagnosis and report of the injury, and on March 15, Moody filed the required employer's first report of injury. On May 3, 1950, Dr. Landry made a final medical report, which was filed with the Commission. This report stated that the patient was able to return to work on April 29, 1950, and that the doctor had discharged him as cured on April 28, 1950. Thereafter appellant insurance carrier prepared a final check for appellee and a Form B-31, as required by the Commis-

sion. This form is designated "Final Report and Settlement Receipt." It stated that the date on which employee was able to return to work was April 29, 1950, and that the length of temporary total disability was for seven weeks and four days. Total compensation paid was $189.29 plus medical expense of $43, being a total paid of $232.29. Below those statements on this form was a "Final Receipt," which recited that Dedeaux acknowledged receipt of these payments made by the insurance carrier as compensation for the disability. This "Final Report and Settlement Receipt" was sent by the carrier to H. C. Moody, the employer. Appellee went by Moody's house, where Moody explained to him that this was the last payment, in the amount of $14.29. Appellee admitted that Moody so advised him and that he understood this, although he said that he did not think that it applied to the future. Appellee accepted the final payment on or about May 23, 1950.

After appellee had executed this Form B-31, appellants filed with the Commission this final report on May 23, 1950. The Commission had previously set up a file on these voluntary payments. The Commission then stamped on the final report "closed", and it was initialed by the secretary of the Commission.

After the appellee was discharged as cured by Dr. Landry, he went back to work for Moody for several weeks. Beginning in April 1951 or 1952 appellee served a six months term in jail, and for seven weeks of that period he did heavy physical work on the county road. For approximately three months in 1952 appellee worked for Gaylord Container Corporation in Bogalusa, La., doing heavy physical work. The superintendent of that job and the doctor for that employer testified. The latter had examined appellee prior to his employment by the corporation, had found no physical trouble with him, and appellee had signed a statement to that effect in his application for a job. Before working for Gaylord, and

apparently in early 1952, appellee worked for several weeks in Gulfport cutting timber. Dr. H. B. Cowart testified that he had examined Dedeaux about three months before the trial. He did not X-ray his left foot, but he observed that appellee was limping and complaining of his foot being drawn to one side. He testified that the arch is drawn back and upwards, and that in his opinion his left foot is 75 percent disabled.

Appellee testified that he had continually had trouble with his foot, ever since the injury. He admitted however that he had not been to any doctors since Dr. Landry had treated him for the cut, until he visited Dr. Cowart about a week before the trial. Appellee lost his little toe on the left foot in an accident when he was about 11 years of age.

Appellee signed the Form B-31, "Final Report and Settlement Receipt," on or about May 23, 1950. And in his testimony he admitted that Moody told him before he signed this form that this would be his last check, and that he understood that. Appellee made no further claim or assertion of any rights under the Workmen's Compensation Act until he filed an application for compensation with the Commission on June 8, 1953. This application stated that it was being made "to determine claim for permanent and total disability from injury on 3/6/50 where the same has on 8th June 1953 progressed to become disabling."

The attorney-referee found that claimant has some permanent partial disability of his left foot. However, he held that claimant was barred by the one-year statute of limitations, Section 6998-27. The Commission affirmed that order. The circuit court reversed the Commission and attorney-referee. We think that the order of the Commission was correct and should be reinstated and affirmed.

Commission power to review voluntary payments of compensation is limited by the above quoted statute of

limitations, Code Section 6998-27, to a period of one year after the date of the last payment of compensation. Appellee's claim must necessarily be based either upon a change in condition, as appellee alleged in his application, or upon a mistake in a determination of fact. Probably both of these circumstances have occurred. At any rate, that requirement of the statute is met. The date of the last payment of compensation was on or about May 23, 1950. The present application for benefits was filed by appellee on June 8, 1953. The application is within the terms of Section 6998-27, asking the Commission to review the case and issue a new order which would "reinstate, increase . . . such compensation or award compensation." Hence the plain terms of the statute make it applicable to the instant case.

Appellee contends that the statute presupposes a valid payment of compensation, and that the attempted final voluntary payment made in May 1950 was void, because at that time appellee was a minor. In other words, appellee says that a voluntary payment of compensation to a minor is not a valid, legally recognizable payment of compensation. However, this argument is contrary to the terms of the act, which sets up a system of voluntary payments of compensation, unless the employer and insurance carrier desire to controvert the claim before the Commission.

Code Section 6998-19 (a) provides: "Compensation under this act shall be paid periodically, promptly, in the usual manner, and directly to the person entitled thereto, without an award, except where liability to pay compensation is controverted by the employer." If an installment of compensation is not paid within 14 days after it becomes due, the same section provides for a penalty upon the insurance carrier and employer. Section 6998-02 defines an employee as "including a minor whether lawfully or unlawfully employed . . ." Section 6998-04 provides that "compensation shall be payable for dis-

ability or death of an employee . . ." Section 6998-09 states that "compensation for disability shall be paid to the employee as follows . . ."

Code Section 6998-17 provides: "The commission may require the appointment by a court of competent jurisdiction, for any person who is mentally incompetent or a minor, of a guardian or other representative to receive compensation payable to such person under this act and to exercise the powers granted to or to perform the duties required of such person under this Act.

■■ Reading all of these sections together, we think it is clear that the Legislature intended that, for the purpose of receiving voluntary payments of compensation, a minor who is an employee under the act has a limited type of emancipation. Payments are to be made directly to the person entitled to them, without an award. An employee includes a minor, and payments are to be made directly to the employee. Since a minor is an employee and entitled to compensation, payments made directly to him under the Act are valid. The Mississippi statute is considerably more specific on this point than are some of the others. However, the general weight of authority is that a minor employee may maintain a suit for compensation benefits and may receive payments under the Act, in the absence of statutory provisions to the contrary. ■■ Section 6998-17 gives the Commission power to require the appointment of a guardian for a minor employee, but does not require it to be done. In accord with this holding is the general rule discussed in Annotation, 120 A. L. R. 395 (1939). There is an exhaustive discussion of the subject in 4 Schneider Workmen's Compensation, (3d ed. 1945) Section 1177, pages 197-207. See also 71 C. J., Workmen's Compensation Acts, Sections 745, 776, 1356.

■■ As is pointed out in the cases cited and discussed in the above texts, the purpose of the Act is to facilitate the payment of compensation without delay and without

unnecessary cost. To hold that the Act requires the appointment of a guardian for every minor employee would not only be in the teeth of the express terms of the statute, but would render the administration of the Act unworkable. The statute gives the Commission the power to require the appointment of a guardian in proper cases, and it is to be assumed that the Commission will do so if such is necessary to protect the minor employee. Hence we conclude that the payments of compensation to appellee while he was still a minor were valid payments.

▆▆ ▆ The question remains as to when the one-year statute of limitations, Section 6998-27, begins to· run where voluntary payments of compensation have been made to an employee who is a minor. Code Section 6998-18 provides that if no payment of compensation is made and no application for benefits is filed with the Commission within two years from the date of injury, the right to compensation therefor shall be barred. This section is directed to original claims where no payment of compensation has been made. As to such claims, there is a two-year statute of limitation, and subsection (b) provides a savings clause for minors, stating that the two- year limitation period upon original claims does not begin to run until the date he becomes of age. A majority of the Judges, being Justices McGehee, Hall, Lee, Kyle and Arrington, think that the one-year limitation period of Section 6998-27 does not begin to run until the minor employee becomes 21 years of age, and that the one-year period here did not begin to run against appellee until he became 21, on July 23, 1951. ▆▆ ▆ More than one year elapsed after that date before appellee filed the application for compensation now before us. Four of the Judges, being Justices Roberds, Holmes, Gillespie and Ethridge, desire to express no opinion at this time upon whether there is a savings clause for minors as to voluntary payments under Section 6998-27, and think that ▆▆ ▆ it is not necessary to decide that question in this

case, since in any event appellee is barred by the one-year statute.

Appellee further contends that the original claim and payments of compensation were not closed in the manner required by Section 6998-19 (g). That statute provides that within thirty days after the final payment of compensation, the employer shall send to the Commission a notice stating that final payment has been made, the amount paid, etc. Appellants met that requirement. Section 6998-19 (g) further states: "But no case shall be closed nor any penalty be assessed without notice to all parties interested and without giving to all such parties an opportunity to be heard." Although the Form B-31, "Final Report and Settlement Receipt," which was signed by appellee while still a minor, does not constitute a contractually binding release of appellants, we think that it does constitute notice to appellee that he was then receiving his final payment of compensation, as required by Section 6998-19 (g). And appellee had an opportunity within the period permitted by the statute of limitations to obtain a hearing on whether he was entitled to additional compensation.

Appellee asserts that it was necessary for the Commission to hold a formal hearing before closing the case, but we cannot agree. The above cited statute must be read along with Section 6998-27, which provides that the one-year period runs from the date of last payment of compensation, "whether or not a compensation order has been issued." The Form B-31 was full notice to appellee that the case was considered closed by appellants. This form was filed with the Commission, along with the final report of the doctor who treated the employee. If a formal hearing by the Commission is necessary in order to conclude every case involving voluntary payments, then the system of voluntary payments established by the statute would be seriously encumbered and handicapped. In the last five years there have been

158,687 claims processed through the Commission, but there have been only 1,214 controverted claims. During the same period there have been 157,473 uncontroverted claims, of which 35,997 have been closed by final payment. We do not think that it was the legislative intent to require that there be a formal hearing by the Commission in order to close each of these and other voluntary payment cases. In fact, the express terms of the statute as discussed above indicate the contrary. And we do not think that the procedure established by the Commission for closing claims where voluntary payments have been made is in violation of Section 6998-19 (h).

Many compensation acts provide for a period of limitations to begin running after the last date of payment of compensation. Anno., 165 A. L. R. 9, 253, 270-386 (1946). Ocean Accident & Guarantee Corporation v. Lawson, 135 Fed. 2d 865 (CCA 5th 1943) is similar on this point to the instant case. Appellee relies upon Superior Home Builders v. Moss, 70 So. 2d 570 (Fla. 1954) to support his contentions that the one-year limitation statute is not applicable, and that the Commission never properly closed the case in 1950. However, we do not think that case is pertinent here. It involved an award made by an order which provided that payments should continue until the employee recovered from his injury. Apparently the Court held that it was the employer's duty to apply to the Commission to have this continuing unlimited order of award terminated. The decision is not applicable to a voluntary payment case, and is not relevant to our interpretation of the provisions of the Mississippi Act.

In view of the above conclusions, the circuit court was in error in reversing the order of the Commission. Hence the judgment of the circuit court is reversed, and the order of the Commission, holding that appellee's claim

is barred by the one-year statute of limitations, is reinstated and affirmed.

Reversed, and order of Workmen's Compensation Commission reinstated and affirmed.

All Justices concur.