JAMES F. O'NEIL, INC. *v.* LIVINGS

No. 40554          November 18, 1957          98 So. 2d 149

*Wynn, Hafter, Lake & Tindall,* Greenville, for appellant.

*Willard L. McIlwain,* Greenville; *Pyles & Tucker,* Jackson, for appellee.

ARRINGTON, J.

Appellant, James F. O'Neil, Inc., a self-insurer, appeals from a judgment of the Circuit Court of Washington County affirming an order of the Workmen's Compensation Commission awarding compensation to J. D. Livings. The appellee cross appeals.

J. D. Livings was employed by the appellant as a welder. He was earning $106.00 per week. On October 15, 1953, he attempted to pick up a pipe which resulted in an injury to his back. He was examined by Dr. Berry and sent to the Greenville Hospital for a period of eight days. Dr. Berry reported that the appellee had a rupture of an intervertebral disc, and that the period of time for recovery was indefinite. He was later sent to Campbell's Clinic in Memphis by Crawford and Company, adjusters for the appellant. There he was treated by Dr. Hugh Smith, who diagnosed his injury as rupture of intervertebral disc. Dr. Smith recommended a back brace for the appellee. The appellee attempted to work in January, 1954, but was unable to do so regularly on account of the pain in his back. Later, in February, 1954, he went to Ohio and worked there from February 27, 1954 to September 1955, with the exception of about nine weeks.

His back was still troubling him in Ohio, and he went to see Dr. Henry Lacey a number of times. In September 1954, Dr. Lacey operated on the appellee and removed "a protruded intervertebral disc—at the lumbosacral interspace." On November 1, 1954, the appellee resumed work. Dr. Lacey reported his degree of physical disability as thirty to forty percent for light work and seventy-five percent for heavy work, including bending, stooping, and lifting objects of weight. According to the testimony of the appellee, he was unable to work on account of pain in his back and that while he was employed

in Ohio he was not required to do any work on the job; that the foreman knew his condition and told him to "sit down and take it easy," although the appellee admitted that he was making good wages.

According to the records of the Grinnel Corporation, by whom he was employed, the appellee drew wages of more than $135.00 per week during the time he worked in Ohio.

Although the appellee was examined and treated by a number of doctors, the only medical proof in this case is the report of Dr. Lacey. Upon the evidence, the attorney-referee found that claimant's earning capacity was $60.00 per week and awarded compensation to the appellee of $25.00 per week for temporary total disability for the period of October 16, 1953 through February 22, 1954, and for the period of September 14, 1954 through October 30, 1954, and $25.00 per week for permanent partial disability from and after September 15, 1955.

■■■ The appellant assigns and argues, first, that the court erred in holding that appellee's claim was not barred by the one-year statute of limitations as set out in Section 6998-27, Mississippi Code of 1942. The appellant's argument is based on the following facts as disclosed by the record. The appellee's injury occurred on October 15, 1953. The report of injury and the report of Dr. Berry was filed with the Commission on November 5, 1953. On December 1, 1953, compensation in the amount of $175.00 was paid to appellee and filed with the Commission on form B-15. This payment was for compensation at the rate of $25.00 per week for the period of October 16 to December 6, 1953. This form further provided that an agreement had been reached and appellee would receive $25.00 a week based on a weekly wage of $106.00, and that "said compensation shall be paid during disability, bi-weekly, unless otherwise ordered." This payment was made by Crawford and Company, representing the employer and self-insurer. The agree-

ment was approved by the Workmen's Compensation Commission on December 4, 1953. This was the first and final payment of compensation. The payments were discontinued without notice to or authority from the Commission as provided by Section 6998-19d(e), Mississippi Code of 1942. On November 30, 1953, the appellee was advised by Crawford and Company that they had arranged for an appointment with Dr. Hugh Smith at Campbell's Clinic in Memphis, Tennessee, for two o'clock P. M., Wednesday, December 2, and advised that they would contact him as soon as they received a report of his examination. A copy of this letter was mailed to the Mississippi Workmen's Compensation Commission, but the record discloses that neither Crawford and Company nor the appellant did anything further.

On April 5, 1954, the appellee filed an application for his case to be listed as a controverted matter and for a hearing. A hearing was set for June 17, 1954, and at this hearing a compromise settlement was agreed upon, which was listed as "memorandum of agreement." This agreement was to the effect that upon a petition to be submitted to the Workmen's Compensation Commission for its approval under Section 6998-15, the appellee was to be paid the sum of $2,000 and expenses enumerated therein. According to the correspondence in the record, this petition was to be presented to the Commission within two weeks. However, there was some delay and later, in August, the appellee notified the Commission and the appellant that due to his condition, which was worse, he would not accept the settlement. No petition was ever filed before the Commission concerning the settlement. On November 10, 1955, the appellee asked for a hearing, which was objected to by the appellant, contending that the appellee's claim had terminated on June 7, 1954, and that the claim was barred by Section 6998-27, Mississippi Code of 1942. The attorney-referee overruled the motion of the appellant and a hearing was held on Jan-

uary 11, 1956, which was concluded at a further hearing on March 12, 1956.

According to the correspondence in the record to the various parties in interest, the Commission advised that the cause was a pending matter and would be held in abeyance, subject to hearing on a proper motion. A motion for hearing was filed by the appellee on November 10, 1955. Section 6998-27, Mississippi Code of 1942, provides that the ''Commission may, at any time prior to one year after date of the last payment of compensation, whether or not a compensation order has been issued, review a compensation case.'' Section 6998-19(g) provides:

''Within thirty (30) days after the final payment of compensation has been made, the employer shall send to the commission a notice, in accordance with a form prescribed by the commission, stating that such final payment has been made, the total amount of compensation paid, the name of the employee and of any other person to whom compensation has been paid, the date of the injury or death, and the date to which compensation has been paid. If the employer fails so to notify the commission within such time the commission may assess against such employer a civil penalty in an amount not exceeding one hundred dollars ($100.00). But no case shall be closed nor any penalty be assessed without notice to all parties interested and without giving to all such parties an opportunity to be heard.''

The appellant cites the cases of Moody v. Dedeaux, 223 Miss. 832, 79 So. 2d 225, and Hale v. General Box Mfg. Co., 87 So. 2d 679. In the Moody case the Court held that Section 6998-27 must be considered in connection with Section 6998-19(g). In this case it was admitted that the appellant did not comply with Section 6998-19(g). In the Hale case, this Court held that before the statute (Section 6998-27) begins to run there must be a compliance with the mandatory provisions of Section 6998-19(g). We are of the opinion that this assignment is not

well taken as this was a pending matter and the Commission had jurisdiction.

■■■ It is next argued that the court erred in affirming the award of compensation for permanent partial disability from and after September 15, 1955. The appellant contends that the Commission's action was arbitrary and without proper basis. The appellee's testimony was that due to the condition of his back he was unable to do any heavy work; that he worked two or three days a week as a time keeper, and that he earned about $25.00 per week average. This testimony was not contradicted. We think the Commission's finding is supported by substantial evidence.

■■■ In his cross-appeal, the appellee argues, first, that appellee was totally disabled from the time of his injury on October 15, 1953 until he was discharged from medical care on October 30, 1954; and, second, that he was permanently and partially disabled from and after October 30, 1954, and cites in support thereof the case of Russell v. Southeastern Utilities Service Company, 92 So. 2d 544. In this case, as in the instant case, Russell earned more for three years out of the five years subsequent to his injury than he had earned prior to his injury. The Court there held that the Commission was warranted in finding that Russell had been paid wages disproportionate to his earning capacity because of the influence and sympathy of the union, and the sufferance of his employers, and that he had suffered a fifty percent loss in earning capacity. The Court reversed the order of the circuit court and reinstated the order of the Commission on the grounds that the Commission's finding was supported by substantial evidence.

In the case at bar, appellee earned more after his injuries while employed in Ohio than he did prior to his injury, however, the evidence on this issue is conflicting, as the evidence for the employer was that the appellee performed his duties the same as any other employee

while working in Ohio. This primarily was an issue for the triers of fact—the Commission, and we think their finding is supported by substantial evidence. In the Russell case, supra, the Court said:

■■ "Of course earnings equal to pre-injury earnings are strong evidence of non-impairment of earning capacity. However, this is not conclusive. It is a rebuttable presumption, which may be removed by the various factors referred to above. This Court first held to that effect in Karr v. Armstrong Tire & Rubber Co., supra. Later cases in accord are Elliott v. Ross Carrier Co., 1954, 220 Miss. 86, 70 So. 2d 75; Mississippi Products v. Gordy, Miss. 1955, 80 So. 2d 793, 797; Port Gibson Veneer & Box Co. v. Brown, Miss. 1955, 83 So. 2d 757, 761; Ebasco Services v. Harris, Miss. 1956, 85 So. 2d 784; and King v. Westinghouse Electric Corporation, Miss., 92 So. 2d 209. See also 58 Am. Jur., Workmen's Compensation, Sections 284, 285.''

■■ The appellee next argues that the court erred in failing to add a ten percent penalty on all unpaid installments of compensation due appellee as required by Section 6998-19(e). Since it is admitted that the appellant did not comply with the act in regard to compensation payments, the penalty is allowed. Cumbest Mfg. Co. v. Pinkey, 83 So. 2d 74; Guess v. Southeastern Utilities Services Co., 85 So. 2d 173.

The motion for the allowance of additional attorney's fees for services on appeal is overruled. It follows from what we have said that on direct appeal the judgment is affirmed, and on cross appeal, reversed in part and remanded.

Affirmed on direct appeal; on cross-appeal, reversed in part and remanded.

*Roberds, P. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.