INTERNATIONAL PAPER COMPANY, et al. *v.* EVANS

No. 42172          April 23, 1962          140 So. 2d 271

*Laub, Adams, Forman & Truly,* Natchez, for appellants.

*W. A. Geisenberger, Joseph E. Brown,* Natchez, for appellee.

KYLE, J.

This case is before us on appeal by International Paper Company and Maryland Casualty Company, its insurance carrier, from a judgment of the Circuit Court of Adams County, reversing an order of the attorney-referee and the Workmen's Compensation Commission, dismissing for want of jurisdiction an application filed by the appellee, Sanford Evans, claimant and former employee of the International Paper Company, for additional medical benefits under the Mississippi Workmen's Compensation Law for the payment of hospital and medical expenses incurred on account of a previously adjudicated work-connected disability for which compensation has been paid by the employer and its insurance carrier.

The record in the case shows that the claimant, Sanford Evans, was an employee of the International Paper Company at the time of his injury on or about April 29, 1953; that he suffered a cerebrovascular accident on or about that date which arose out of and in the course of his employment, and as a result of which he was totally and permanently disabled; that he filed a claim against the company for benefits under the

Workmen's Compensation Act; that the claim was controverted, and after a hearing before the attorney-referee an order was entered by the attorney-referee on April 15, 1955, requiring the International Paper Company and its insurance carrier, Maryland Casualty Company, to pay compensation to the claimant for permanent total disability from April 29, 1953, at the rate of $25 per week, for a period not to exceed 450 weeks or the maximum of $8,600, together with all medical expenses and necessary out-of-county travel expenses incident thereto, as provided by the act. So far as the record shows no appeal was taken from the above mentioned order.

Disability payments were thereafter made by the insurance carrier to the claimant as provided for in the order dated April 15, 1955, the last such payment being made on November 4, 1958; and on November 19, 1958, the insurance carrier mailed to the claimant's attorney for the claimant's signature a Commission's Form B-31, Final Report and Settlement Receipt, properly filled out and showing compensation payments to the claimant in the total amount of $8,467.25, and hospital and medical expenses paid in the amount of $1,574.92. On November 28, 1958, the claimant's attorney acknowledged receipt of the Form B-31, showing the information stated above; and in his letter to the carrier the claimant's attorney questioned the accuracy of the figures contained in the Form B-31 report submitted for the claimant's signature. The claimant's attorney also stated in his letter to the carrier that additional medical expenses had been incurred by the claimant as a result of his service-connected disability, and that other expenses would probably be incurred in the future, and for the reasons stated, the claimant would not execute any full and final settlement until he was sure that he would be fully compensated for the total amount due him under the law. In reply to that letter the insurance carrier, on December 1, 1958, mailed to the

claimant's attorney an itemized statement of the checks issued in payment of the compensation awarded to the claimant in the order dated April 15, 1955, including the final payment for disability made on November 4, 1958; and on December 4, 1958, the carrier filed with the Commission the Form B-31 without the claimant's signature. The Form B-31 filed with the Commission had attached thereto a certificate signed by the insurance carrier's cashier, certifying that the Form B-31 had been submitted to the claimant's attorney, and that the claimant had been notified that this had been done by telephone.

It was stipulated by the parties that upon the filing of the Form B-31 with the Commission neither the claimant nor his attorneys were notified by the carrier that the Form B-31 had actually been filed with the Commission. It was further stipulated that the claimant was notified by letter from the Secretary of the Commission, dated June 5, 1959, that the carrier had filed the Form B-31 with the Commission.

The record shows that after the last payment of compensation was made to the appellee on November 4, 1958, a number of letters passed between the insurance carrier and the claimant's attorneys concerning bills for medical expenses which had been incurred by the claimant prior to the date the claimant was notified that the Form B-31 report had been filed with the Commission, and concerning the claimant's need for additional medical expenses.

The claimant's application for additional medical benefits, on Form B-11, was filed with the Commission on April 25, 1960. In his application the claimant asked for a hearing on the application and an award of additional medical benefits for hospital and medical care for the previously adjudicated work-connected disability, including expenses incurred for hospitalization in the Natchez Sanatorium from June 9, 1955, to June 26,

1955, $373.70, and medical treatment by Dr. Read and Dr. Hicks of Natchez Polyclinic, $195.

The cause was heard by the attorney-referee on July 11, 1960, by agreement of the parties, upon motion of the employer and its insurance carrier to dismiss the claimant's application for additional medical benefits on the ground that the application was not filed within one year after the date of the last payment of compensation, as required by Section 6998-27, Mississippi Code of 1942, Rec. The attorney-referee found that more than one year had elapsed following the last payment of compensation before a request was made to reopen the case, and that the Commission had no jurisdiction of the claim. The attorney-referee therefore ordered that the claim be dismissed. The findings and order of the attorney-referee were affirmed by an order of the Commission dated March 8, 1961, and from that order the claimant prosecuted an appeal to the circuit court. The circuit court, after reviewing the record in the case, reversed the findings and order of the attorney-referee and the Commission, and ordered that the cause be remanded to the Commission for a hearing upon the merits of the claimant's application for additional medical benefits. From that judgment the employer and its insurance carrier have prosecuted this appeal.

It is the appellants' contention that there was no error in the order of the Commission approving the findings and the order of the attorney-referee dismissing the appellee's claim on the ground that the claim was barred by the one-year statute of limitation, Section 6998-27, Code of 1942, Rec., and that the circuit court erred in reversing the order of the Commission.

██ ■ But we think there was error in the order of the Commission approving the findings and order of the attorney-referee, and that the judgment of the lower court should be affirmed.

Section 6998-08(a), Code of 1942, Rec., provides in part as follows: "The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, artificial members, and other apparatus, for such period as the nature of the injury or the process of recovery may require * * *."

Section 6998-19(g), Code of 1942, Rec., provides as follows: "Within thirty (30) days after the final payment of compensation has been made, the employer shall send to the commission a notice, in accordance with a form prescribed by the commission, stating that such final payment has been made, the total amount of compensation paid, the name of the employee and of any other person to whom compensation has been paid, the date of the injury or death, and the date to which compensation has been paid. If the employer fails so to notify the commission within such time the commission may assess against such employer a civil penalty in an amount not exceeding one hundred dollars ($100.00). But no case shall be closed nor any penalty be assessed without notice to all parties interested and without giving to all such parties an opportunity to be heard."

Section 6998-27, Code of 1942, Rec., provides in part as follows: "Upon its own initiative, or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase or decrease such compensation, or award compensation * * *."

The appellants' attorneys say that Code Section 6998-27, supra, which provides for the continuing jurisdiction

of the Commission over compensation claims, limits the continuing jurisdiction of the Commission to compensation cases in which an application for review is filed within a period of one year after the date of the last payment of compensation, and that, unquestionably, in this case more than one year had expired from even the latest possible date of counting before the application for additional benefits was filed. But this Court has held in several cases that Section 6998-27, supra, must be considered in connection with Section 6998-19(g), supra, which provides that "no case shall be closed nor any penalty be assessed without notice to all parties interested and without giving to all such parties an opportunity to be heard." H. C. Moody & Sons v. Dedeaux, 223 Miss. 832, 79 So. 2d 225; Hale v. General Box Mfg. Co. et al., 228 Miss. 394, 87 So. 2d 679; Shainberg's Black & White Store v. Prothro, 238 Miss. 444, 118 So. 2d 862. In discussing the need for considering the two sections together, this Court, in Hale v. General Box Mfg. Co. et al., supra, said: "When the two sections of the act are considered together, it is clear that the claimant's cause was not barred and that the Commission had not lost jurisdiction under Section 6998-27, Code of 1942. Before the statute begins to run there must be a compliance with the mandatory provisions of Section 6998-19(g)."

In the case that we have here the claimant refused to sign the Commission's Form B-31 report which was mailed to his attorney for his signature prior to the filing of same with the Commission; and neither the appellee nor his attorneys were notified by the employer or the insurance carrier that the Form B-31 had been actually filed with the Commission. The record shows that the appellee was notified by letter from the Secretary of the Commission on June 5, 1959, that the carrier had filed the Form B-31 with the Commission. But no notice of the filing of the B-31 was given to the

appellee until June 5, 1959. The claimant filed his application nine months later. We think the one-year period of limitation referred to in Code Section 6998-27 did not begin to run until notice was given to the appellee that the Form B-31, properly filled out, had been filed with the Commission; and that notice was not given until June 5, 1959.

For the reasons stated above the judgment of the lower court is affirmed and the cause remanded to the Commission for a hearing on the merits of the appellee's claim for additional medical benefits.

Affirmed and remanded.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Rodgers, JJ.,* concur.