NICHOLS *v.* AMERICAN CREOSOTING COMPANY, et al.

No. 42423    November 5, 1962    146 So. 2d 76

*Morse & Smith,* Poplarville; *Lester F. Williamson,* Meridian, for appellant.

*Ethridge, Minniece & Bourdeaux,* Meridian, for appellees.

Lee, P. J.

Tommie Nichols, on February 10, 1960, while working for American Creosoting Company in the act of "knocking poles down", sustained a severe blow slightly above his belt line. He notified his foreman immediately and was sent by him to the office to see Mr. Adams, presumably the superintendent. It was then too late to get the doctor at his office. Nichols got a friend to drive him home. The next morning, on his return to the plant, Mr. Adams carried him to the office of Dr. Gillespie. He was also seen by Dr. Arrington and was X-rayed by Dr. Sullivan. Pursuant to the memorandum of agreement as to payment of compensation, signed by the parties under date of March 3, 1960, the company and its insurer, at regular intervals, gave him six checks, based on weekly compensation of $29.33, in the aggregate sum of $351.96.

When Mr. Adams gave him the sixth check he told him that this was his last one. He also asked Nichols to sign some kind of paper (this was evidently Form B-31). But Nichols refused to sign it. Dr. Gillespie had told the claimant the month before that he thought that he could go back to work, but Nichols said that he did not do so because he could not stoop over for any length of time. He further said that he can stand up and get on his knees and he will be all right; and that he had never had any trouble with his back prior to this injury.

On March 3, 1960, Honorable Lester Williamson wrote the insurer that he was Nichols' attorney, commented that his client was a pitiful looking specimen, expressed the hope that the company doctors would successfully heal him, and directed that all future checks be made payable to him and his client and be sent to the post-office address therein stated. A copy of that letter was forwarded to the Workmen's Compensation Commission.

On June 12, 1960, Honorable Robert S. Majure wrote the commission in Nichols' behalf, advising that the man was badly hurt, in need of hospitalization and was then under treatment by Dr. R. B. Austin of Newton, Mississippi, who had prescribed for a badly injured back.

On June 15, 1960, the insurer filed with the commission Form B-31. This form was not signed by the claimant, and stated that the "injured refused to sign".

Thereafter on September 9, 1961, Form B-5-11 was filed by claimant's representative with the commission. The issue was controverted. The carrier plead the one-year statute of limitation, that is the filing of B-31 on June 15, 1960, started the running of the statute, and that the claim was barred as more than one year had elapsed since June 15, 1960.

The attorney-referee held that the claim was barred and denied an award. The commission affirmed the action of the hearing officer; and, on appeal to the circuit court, the order of the commission was affirmed. From the judgment there entered the appellant has appealed to this Court.

The same question now recurs.

It appears that the order of the commission was dated March 9, 1962, and the judgment of the circuit court was entered on March 28, 1962.

However, this Court on April 23, 1962, handed down an opinion in the case of International Paper Co.

v. Evans, 140 So. 2d 271, not yet reported in Miss. Reports, in which the exact question presented by this appeal, was decided adversely to the contention of the appellees. The opinion, after consideration of the several applicable statutes and prior decisions of this Court, said:

"In the case that we have here the claimant refused to sign the Commission's Form B-31 report which was mailed to his attorney for his signature prior to the filing of same with the Commission; and neither the appellee nor his attorneys were notified by the employer or the insurance carrier that the Form B-31 had been actually filed with the Commission. This record shows that the appellee was notified by letter from the Secretary of the Commission on June 5, 1959, that the carrier had filed the Form B-31 with the Commission. But no notice of the filing of the B-31 was given to the appellee until June 5, 1959. The claimant filed his application nine months later. *We think the one-year period of limitation referred to in Code Section 6998-27 did not begin to run until notice was given to the appellee that the Form B-31, properly filled out, had been filed with the Commission; and that notice was not given until June 5, 1959.*" (Emphasis supplied.)

In the present case, actually no notice of the filing of the Form B-31 with the commission had been given to the appellant by either the appellees or the commission at the time that the Form B-5-11 was filed on September 9, 1961.

It follows that the claim should have been heard and considered by the attorney-referee and the commission on its merits.

The judgment of the circuit court and the order of the commission are therefore set aside, and the cause is remanded to the commission for a hearing on the merits.

Reversed and remanded to the Commission.

*Kyle, Ethridge, Gillespie, and McElroy, JJ.,* concur.