ETHRIDGE, Chief Justice:
This is a workmen’s compensation case. The principal questions are concerned with whether appellee, Paul A. Guthrie, was an employee of appellant, Empire Home Builders, Inc., or an independent contractor; the one-year statute of limitations; the percentage of loss of wage earning capacity; average weekly wage; and whether there was an apportionment of disability.
*18 Guthrie sustained an injury on May 24, 1962, while doing plumbing work for Empire Home Builders, Inc. Empire was in the business of building and selling residences in the Pascagoula-Moss Point area. For six months before the accident, claimant did all of the plumbing work in the construction of Empire’s houses. He executed separate written contracts for the plumbing work on each house for a stated price. Pie was paid weekly for jobs completed during that week. Claimant furnished his own tools, truck, and car expenses, and hired, supervised and paid his single helper. He worked essentially at hours determined by him. After completing the plumbing on a house, claimant would submit his bill to Empire for payment. Pie did no plumbing work for the general public during this six month’s period before the accident. He purchased fixtures from a wholesale company and charged them to Empire’s account. Empire withheld social security and income taxes, and workmen’s compensation insurance from the amounts which Guthrie earned on various jobs. He performed all maintenance work for Empire. He agreed to work exclusively for Empire and not to hold himself out to work for the general public. When Guthrie completed one job, he would call Empire’s office and would be assigned to another task. Empire had the right to fire him at any time.
The Workmen’s Compensation Commission, affirming its attorney-referee, held that Guthrie was an employee and not an independent contractor. The evidence amply supports this finding. The criteria of both the control and relative-nature-of-the-work tests reflect that Guthrie did not furnish an independent business. The duration and continuity of his work made it an integral part of Empire’s production process. Boyd v. Crosby Lumber & Mfg. Co., 250 Miss. 433, 166 So.2d 106 (1964).
Code section 6998-27 provides for re-opening a case for a change in condition or mistake in determination of fact, “at any time prior to one (1) year after the rejection of a claim * * Miss.Code Ann. § 6998-27 (1956). The one-year period of limitation did not begin to run until notice was given to claimant by the filing of a Form B-31 with the commission by defendants. Ño such document with notice to claimant was ever entered. Hence the limitation statute has not run. International Paper Company v. Evans, 244 Miss. 49, 140 So.2d 271 (1962).
The commission found that claimant suffered a ten percent loss of wage earning capacity as a result of his injury. There was substantial evidence to support this. Also the commission, upholding its attorney-referee, decided that claimant had an average weekly wage of $167. The circuit court held that claimant, a plumber, had an average wage of $300 per week. However, there was sufficient evidence to support the commission’s finding. The circuit court erred in overturning it. The commission interpreted all of the evidence, particularly that of Guthrie, to show that, although he may have had an average gross income of around $300 per week, his actual wage, after deducting payments to his helper, maintenance of truck and other expenses, aggregated not over $167 per week. Moreover, although the B-15 form is not controlling, that memorandum of agreement as to payment of compensation, dated July 2, 1962 and executed by Guthrie, constituted a representation by him that his average weekly wage was $167 and was evidence on that issue.
The commission, affirming its attorney-referee, awarded temporary total disability from May 24 to August 31,1962. From that date it gave permanent partial disability based on a ten percent wage earning loss. It found that claimant had several conditions causing his present disability, some existing before the injury, some developing and occurring after it. The circuit court reversed the commission on this point. It held that the commission had apportioned claimant’s benefits, and under the Dilling-ham and Sanders cases, neither temporary *19 nor permanent disability benefits can be apportioned until the date of the attorney-referee’s order. Dillingham Mfg. Co. v. Upton, 252 Miss. 281, 172 So.2d 766 (1965) ; Sanders v. B. E. Walker Construction Co., 251 Miss. 352, 169 So.2d 803 (1964). Hence the circuit court concluded that the commission erred in making (it assumed) an apportionment of claimant’s permanent partial disability before the attorney-referee’s order in 1965. It therefore awarded $35 a week for the period beginning August 31, 1962, through June 30, 1965, and thereafter permanent partial of ten percent, based on an erroneous average weekly wage of $300.
The commission properly found a ten percent loss of wage earning capacity from the work-connected injury of May 24, 1962. It did not determine this by apportioning the 1962 results following injury to an assumed pre-existing condition. In fact, in October 1963, claimant sustained another injury to his back on a job not connected with Empire. The commission manifestly found that claimant’s general physical condition, caused principally by obesity, made him substantially disabled. It was not the result of a work-connected injury imposed on an injury. Medical testimony as to the back injury did not pertain to any additional disability to the back because of any preexisting condition in the back. This is not the type of case to which the apportionment statute, or the Sanders or Dillingham rule, would apply. Miss.Code Ann. § 6998-04 (1964 Supp.). Apparently the principal physical characteristic of claimant prior to the 1962 injury was obesity. We do not think the facts warranted apportionment, and do not interpret the commission’s order as constituting apportionment. Hence the circuit court erred on this point in not affirming the commission’s order.
The circuit court is affirmed in part, as to the employee relationship, no bar of statute of limitations, and medical benefits. Otherwise, it is reversed, and the order of the Workmen’s Compensation Commission is reinstated and affirmed.
Affirmed in part, reversed in part, and order of the Workmen’s Compensation Commission reinstated and affirmed.
RODGERS, JONES, BRADY and ROBERTSON, JJ., concur.