RODGERS, Presiding Justice:
This is a workmen’s compensation case. It was appealed to this court from an order of the Circuit Court of the First Judicial District of Hinds County, Mississippi. The Circuit Court affirmed an order of the Workmen’s Compensation Commission denying and dismissing the appellant’s claim for workmen’s compensation benefits.
Appellant alleges in her pleadings for benefits that she was injured on November 9, 1967, while employed by the Jackson Tile *782 and Manufacturing- Company. She filed Commission Form B-5, 11 on December 15, 1967. Appellees filed their responsive pleadings, and an order was entered by the Commission approving the claim for attorneys’ fee of Stanfield and Wallace on January 3, 1968.
Thereafter, on March 27, 1968, the appellant filed a motion to dismiss her claim without prejudice. On March 27, 1968 the Commission entered its order dismissing appellant’s claim without prejudice as to any future rights of appellant. On April 1, 1968 the Travelers Insurance Company mailed a Commission Form B-31 to the claimant and to the Workmen’s Compensation Commission at the same time. This form had printed thereon the following words:
“(27) If receipt is not signed by injured, explain why.”
After the foregoing printed words, the following words were typed:
“The original hereof this date mailed to Commission, a copy hereof this date mailed to claimant, postage prepaid.”
On May 26, 1969, appellant-claimant filed Form B-5, 11 for additional benefits as the result of the accident of November 9, 1967 claim for injury which had been previously dismissed without prejudice. The appel-lees filed their response in which they contended that the statute of limitations had run so that the appellant’s claim for medical expenses was barred by Section 21 (§ 6998-27, Miss.Code 1942 Ann.1952) of the Mississippi Workmen’s Compensation Law, as amended. The claim was heard upon a motion to dismiss. An order was entered by the attorney referee dismissing the claim upon the ground that the Commission did not have jurisdiction of the claim after the expiration of one year from the filing of the Commission Form B-31. The appellant appealed to the full Commission and on November 13, 1969, the Commission affirmed the order of the attorney referee. The appellant then appealed to the Circuit Court of Hinds County, Mississippi, and the Circuit Court affirmed the order of the Workmen’s Compensation Commission.
The appellant contends on appeal to this Court that the Circuit Court was in error in affirming the order of the Workmen’s Compensation Commission because, it is said, that filing of the B-31 by the appel-lees was sufficient to set in motion the statute of limitations set forth in the Workmen’s Compensation Act. The appellant also contends that notice of the filing of the Commission’s Form B-31 should have been given to appellant’s attorney of record inasmuch as he was an “interested party” within the meaning of the Workmen’s Compensation Act.
The first issue to be examined is whether or not the Commission’s Form B-31 was sufficient under the facts in this case to set in motion the statute of limitations.
The statute of limitations mentioned in the argument is set out in Section 6998-27, Mississippi Code 1942 Annotated (1952) and is in the following language:
“Upon its own initiative, or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case. * * * ”
We have previously pointed out that this section must be read in conjunction with Section 6998-19 (g), Mississippi Code 1942 Annotated (1952). See cases cited in International Paper Company v. Evans, 244 Miss. 49, 140 So.2d 271 (1962).
The pertinent part of the foregoing section is in the following language:
“ * * * But no case shall be closed nor any penalty be assessed without notice to all parties interested and without giving to all such parties an opportunity to be heard.”
*783 The pertinent Workmen’s Compensation Commission procedural rule, Rule B-17, in effect on April 1, 1968, was in the following words:
“CLOSING CASE. The requirements for the filing of Commission Form B-31 (Final Report and Settlement Receipt), shall be deemed by the Commission to have been met upon receipt by the Commission of such form, signed by claimant, provided, however, that the form so filed is in accordance with the requirements of Section 13(g) of the Act and contains the information specified therein. In the event Form B-31 is unsigned because of the refusal or negligence of the claimant to do so, said unsigned form shall be filed with the Commission, after which notice by certified mail shall be given to the claimant advising him to date that the unsigned B-31 was filed with the Commission. Further, the insurer shall submit to the Commission their postal receipt showing the date such certified letter was received by claimant.
“In the event the original B-31 so filed does not contain the medical information provided for in the form, due to the inability of the carrier-employer to obtain the same, an additional B-31 shall be filed as soon as possible and the additional B-31 shall not only contain the medical information not encompassed in the original form but shall contain all information required by the Form B-31.”
A careful study of Mississippi Workmen’s Compensation Commission’s procedural rule, Rule B-17, above set out, reveals that this rule is in fact divided into three parts. The first part is as follows:
“ * * * In the event Form B-31 is unsigned because of the refusal or negligence of claimant to do so, said unsigned form shall be filed with the Commission * * * ” (Emphasis added)
This part of the rule can mean but one thing, the employee must be given an opportunity to sign the form or, if he neglects to do so, the employer or carrier may then file the unsigned form.
The next part of the rule is significant.
“* * * jn the event Form B-31 is unsigned because of the refusal or negligence of claimant to do so, said unsigned form shall be filed with the Commission, after which notice by certified mail shall be given to the claimant advising him to date that the unsigned B-31 was filed with the Commission * * * ” (Emphasis added)
The third part is also significant wherein it is said:
“ * * * Further, the insurer shall submit to the Commission their postal receipt showing the date such certified letter was received by claimant.” (Emphasis added)
The rule, then, obviously means that before the B-31 Form is filed, the employee must be given a chance to sign it, but if he fails to sign it within a reasonable time because of negligence (not sickness or incapacity), the employer or carrier may file the unsigned Form B-31 with the Commission. The second part of the rule requires that after the unsigned B-31 is filed with the Commission, the employer or carrier must perform the second part of the required rule by then giving notice to the employee that the B-31 has been filed, so that the claimant may have notice that the employer contends at the date of the notice that he is no longer required to pay benefits to the claimant employee.
It is pointed out in Dunn’s Mississippi Workmen’s Compensation that where the required form is presented to the claimant and he refuses to sign the receipt, the employer or carrier may state the refusal as a reason and the filing is effective without the claimant's signature. However, it is said, in order to start the running of time under the limitation, the employee, in such case, must be given notice that the unsigned form has been actually filed with the Commission. Dunn’s Mississippi *784 Workmen’s Compensation 2d ed., § 256, pp. 333-334. The author cites the cases of International Paper Company v. Evans, supra, and Nichols v. American Creosoting Company, 245 Miss. 414, 146 So.2d 76 (1962).
In Evans, supra, this Court held that in order for the statute of limitations of Rule 21 of the Mississippi Compensation Commission to commence to run against the claimant so as to prevent reopening of the claim, the claimant must have notice as required by Rule 13(g) of the act of the actual filing of the B-31. The Court held that Evans did not have such notice until several months after the filing of the form, and, consequently, the statute of limitations was not put in motion by the filing of the B-31.
In the case of Carter v. Wrecking Corporation of America, 234 Miss. 559, 107 So.2d 116 (1958) this Court permitted the statute of limitations to be successfully used against the claim of an employee who had received a letter along with two copies of Form B-31 and a check for final payment. However, in that case the employer and carrier clearly notified the employee that the enclosed check was the final payment. The employee was given an opportunity to controvert the contention that the enclosed check was a final payment, but failed to do so within one year from the final payment of compensation provided for in Section 6998-27, Mississippi Code 1942 Annotated (1952).
The Legislature of Mississippi has attempted to provide for due process by requiring that “no case shall be closed nor any penalty be assessed without notice to all parties interested.” Section 6998-19(g), Mississippi Code 1942 Annotated (1952). This simply means that due process can only be had by giving notice that the case is closed so as to give the parties an opportunity to be heard within the time allowed by law after such notice has been filed with the Commission. We are of the opinion that the alleged notice in the instant case is insufficient. The case must be remanded to the Workmen’s Compensation Commission for further hearing. Notice that the B-31 “will be filed” or “is this day mailed to the Commission” is not the notice required in order to close a claim for compensation benefits.
The appellant attempted to raise the issue on appeal that an attorney who has been recognized by the Commission is “an interested party” and is entitled to notice that the Form B-31 has been filed. We do not reach this question because it is not necessary for this opinion and it was not submitted to the Workmen’s Compensation Commission; nor was it raised as a point of law to the Circuit Court.
The judgment of the Circuit Court and the order of the Workmen’s Compensation Commission are reversed and the claim of the employee Era L. McLemore is remanded to the Workmen’s Compensation Commission for further proceedings consistent with the foregoing opinion.
Reversed and remanded.
JONES, BRADY, SMITH and SUGG, JJ., concur.