RODGERS, Presiding Justice:
This is a workmen’s compensation case. It is appealed to this Court from a judgment of the Circuit Court of Clay County, Mississippi. The court reversed an order of the Workmen’s Compensation Commission holding that the Commission erroneously dismissed the compensation claim of Noel E. Rape upon the ground that the one-year statute of limitations (Section *535 6998-27 Mississippi Code 1942 Annotated-1952) barred appellee’s claim.
The appellee was injured on or about October 27, 1964. The Commission entered an order awarding compensation benefits to the appellee on December 15, 1966. Thereafter, on September 8, 1967, an order permitting a lump sum settlement under authority of Section 13(j) of the Workmen’s Compensation Act was entered by the Commission. The amount of the settlement was paid by draft on September 28, 1967. A Workmen’s Compensation Commission Form B-31 was signed by the employee, Noel E. Rape, on September 30, 1967.
Thereafter, on July 20, 1968, they sent to the insurer, Travelers Insurance Company, an invoice for the purchase price of two pairs of special shoes which were required as a result of the employee’s injury. The carrier, Travelers, paid the shoe bill. However, on July 23, 1968, the carrier filed an unsigned corrected Form B-31 with the Commission. This form had the following notation written on it by the insurance company: “The original hereof this date mailed to Commission, a true copy hereof this date mailed to claimant, postage paid.”
The record shows that the Form B-31 was mailed to the employee by certified mail and that the postal return receipt was received by Travelers on August 5, 1968.
Thereafter, on October 27, 1969, the carrier received a letter from a hospital advising the insurance company of additional medical treatment for the employee. On November 3, 1969, the carrier refused to pay any additional medical bills because it claimed the one-year statute of limitations (Section 6998-27 Mississippi Code 1942 Annotated-1952) had run against such claim.
After examining the record in the instant case, we are of the opinion that the facts in this case are similar to the facts in the recent case of McLemore v. Jackson Tile Manufacturing Company, Miss., 252 So.2d 781, decided on September 27, 1971.
Our holding in that case governs the case at bar.
The judgment of the Circuit Court of Clay County, Mississippi, will, therefore, be affirmed and the claim remanded to the Workmen’s Compensation Commission for further proceedings to accord with our holding in McLemore.
Affirmed and remanded.
JONES, BRADY, SMITH and SUGG, JJ., concur.