CARTER *v.* WRECKING CORPORATION OF AMERICA, et al.

No. 40946          December 8, 1958          107 So. 2d 116

*Karl W. Kepper, Francis T. Zachary, Pittman & Pitt-man,* Hattiesburg, for appellant.

*M. M. Roberts,* Hattiesburg, for appellees.

KYLE, J.

This case is before us on appeal by William M. Carter, claimant, from a judgment of the Circuit Court of Forrest County, affirming an order of the Mississippi Workmen's Compensation Commission, dismissing for want of jurisdiction the appellant's claim against the Wrecking Corporation of America for compensation under the Mississippi Workmen's Compensation Act.

The record shows that the appellant sustained an accidental injury on September 13, 1949, while performing services in remodeling prefabricated houses for the Wrecking Corporation of America, his employer, when a gable fell striking the appellant's head, left shoulder and left knee. The appellant was examined and treated by an associate of Dr. H. Grady Cook, as an out patient of the South Mississippi Infirmary and Clinic, at Hattiesburg, Mississippi, and was discharged as cured with no permanent injury on October 9, 1949. On October 12, 1949, the appellant returned to the clinic with the same complaint, and at that time was seen by Dr. Cook. He received heat treatments and treatment for arthritis frequently until January 3, 1950. On January 5, 1950, he was referred to Dr. Thomas H. Blake, of Jackson, Mississippi, for an

examination. On February 10, 1950, the appellant was discharged by Dr. Cook as being well of the injury and able to return to work. Medical reports to this effect, signed by Dr. Cook and dated February 21, 1950, were received by the Workmen's Compensation Commission on February 25, 1950. After his discharge by Dr. Cook, the appellant received infrequent treatments by Dr. P. E. Smith for arthritis of the left shoulder and neck, which Dr. Smith believed to be traumatic arthritis.

Voluntary payments of compensation benefits for temporary total disability were made to the appellant by the employer and its insurance carrier from the date of the injury until February 10, 1950. The total amount of those payments, which covered a period of 21 weeks and three days, was $532.14. The last payment was made by check for $32.14, issued on February 23, 1950. That check was mailed to the appellant and received by him a short time after the date of its issuance, but was never deposited by the appellant for collection. The record shows that the insurance carrier issued the check on February 23, 1950, and mailed it to the employer at Hattiesburg, Mississippi, along with a letter and two copies of Form B-31, entitled, "Final Report and Settlement Receipt." The claimant testified that he recalled that he received the letter, together with the check and one copy of the Form B-31, in one envelope; and the letter, the check and the copy of Form B-31 were introduced in evidence as exhibits to the appellant's testimony. The attorney-referee stated that it appeared from the various dates, postmarks and other memoranda on the exhibits, that the letter and the copy of Form B-31 were mailed by the employer to the appellant upon receipt of same from the carrier; and that the check was returned to the carrier by the employer, and then mailed to the appellant from Jackson, Mississippi; that it was a matter of no consequence, however, how the check, forms and letter were received by the claimant, inasmuch as the claimant

had the check in his possession for all of the compensation admittedly due.

The commission file shows that one copy of the Form B-31 final report and settlement receipt, signed by N. C. Black, resident claim manager, was filed with the commission on March 15, 1950. The report showed weekly compensation payments in the sum of $25 each paid to the claimant in the total amount of $532.14, and medical expenses paid in the amount of $114.00, to which there was later added the sum of $195.00.

On June 14, 1953, the appellant filed with the commission on Form B-11, an application in which he asked that the case be listed as a controverted matter and set for a hearing to determine the amount of compensation then due and owing to him and the amount of permanent disability suffered by him. The defendants filed an answer and a plea in bar of the appellant's claim, in which it was alleged that the appellant's application for review and reinstatement of his claim had not been filed within one year after the date of the last payment, as provided in Section 21 of the Workmen's Compensation Act (Sec. 6998-27, Miss. Code of 1942, Recompiled), and that the commission had no further jurisdiction over the cause and that the cause should be dismissed for want of jurisdiction.

The cause was heard by the attorney-referee, and on July 24, 1953, the attorney-referee entered an order setting forth in detail his findings, and dismissing the appellant's claim for compensation on the ground that the commission was without jurisdiction at that time to review the case and issue a new compensation order, since the appellant's application for such review had not been filed prior to the expiration of one year after the date of the last payment of compensation, as required by Section 21 of the Workmen's Compensation Act as amended. (Sec. 6998-27, Code of 1942, Recompiled). The findings and order of the attorney-referee were approved by the

full commission on October 29, 1953, and the order of the commission was affirmed by the circuit court on November 13, 1957.

The only question presented for our decision on this appeal is whether or not the circuit court erred in affirming the orders of the attorney-referee and the commission dismissing the appellant's claim for want of jurisdiction on the ground that the claim was not filed prior to one year after the date of the last payment of compensation, as required by Section 21 of the Mississippi Workmen's Compensation Act (Section 6998-27, Code of 1942, Recompiled).

It is argued on behalf of the appellant that the attorney-referee, the commission, and the circuit court erred in their holding that the appellant's claim was barred by the one-year statute of limitations, for the reason that the employer and its insurance carrier failed to comply with the requirement of par. (g) of Section 6998-19, Code of 1942, Recompiled, in that no notice was ever given to the claimant that the case would be closed, and that the case was never closed before the Workmen's Compensation Commission; and the appellant's attorneys cite in support of their argument the case of Hale v. General Box Manufacturing Co., (Miss. 1956), 87 So. 2d 679. The appellant's attorneys say that the copy of Form B-31, which was sent to the claimant in February 1950, and which the claimant admitted that he received, showed on its face that it was a final report and settlement receipt for disability compensation for a period of three weeks and six days, and that the Form B-31 report filed with the commission on March 15, 1950, showed on its face that it was only a partial payment report; that there was never filed with the commission a notice in accordance with the form prescribed by the commission; and that the one-year period of limitation imposed in Section 6998-27, supra, did not begin to run upon the filing of the defective notice

contained in the Form B-31 report filed with the commission on March 15, 1950.

■■ ■ But we think the information contained in the executed copy of the Form B-31 report, which was filed with the commission on March 15, 1950, was sufficient to satisfy the requirements of par. (g) of Section 6998-19, relating to the notice which should be sent to the commission. The Form B-31 which was used was a printed form prescribed by the commission, entitled "Final Report and Settlement Receipt." The form, as filled in and signed by N. C. Black, resident claims manager, showed correctly the name of the injured employee, William M. Carter, the date of the injury, September 13, 1949, the average weekly wage, $50.00; the rate of weekly compensation, $25.00; temporary total disability compensation, $532.14; and medical expense, $114.00. The Form B-31 report is before us as a part of the record; and there is also shown in the record a surgeon's report, Form B-9, signed by Dr. H. Grady Cook, dated February 21, 1950, and a Final Medical Report, Form B-27 dated February 23, 1950, and signed by Dr. Cook, which shows total expenses for medical aid, $195.00. That report also shows that the patient was discharged February 10, 1950, and was able to return to work February 11, 1950; and total expenses for medical aid, $195.00.

It is true that the executed copy of the Form B-31 report which was filed with the commission on March 15, 1950, appears to have contained several errors when it was first made out, which according to a notation made on the report, were corrected on August 20, 1950. The errors occurred in filling in the blank spaces in the form. The report, as first made out, showed that compensation payments had been made for three weeks and six days for temporary total disability, and that the employee was able to return to work on October 10, 1949. But the report, before the corrections were made, also showed that the rate of weekly compensation was $25.00, and that

the compensation payments made for temporary total disability amounted to $532.14, which meant that the period of time for which compensation was paid was 21 weeks and three days, and that the date the employee was able to return to work was 21 weeks and three days after the date of the injury. The commission also had in its files at the time it received this final report the medical reports signed by Dr. Cook which showed that the patient had been discharged on February 10, 1950, and was able to resume regular work on February 11, 1950. We think the errors referred to above were not of such serious nature as to affect the validity of the report.

But it is said that the Form B-31 filed with the commission failed to show that the final payment of $32.14 had actually been made to the appellant, and that nowhere in the record is it shown that the appellant was given notice that the case was being closed. We think there is no merit in this contention. The appellant admitted that he had received along with the check for $32.14, dated February 23, 1950, a copy of the Form B-31 report, entitled ''Final Report and Settlement Sheet,'' which showed total compensation payments made to him in the amount of $532.14, and which contained a form ''Final Receipt'' for the $32.14 to be executed by him; and also the letter from the insurance carrier, resquesting him to sign the final receipt and return it to the carrier. The appellant also admitted that he endorsed the check for $32.14 and retained it in his possession, and that he did not sign the form receipt and return it to the employer or its insurance carrier, as requested in the letter. The appellant admitted that he had received similar checks prior to that time and that they had always been paid, and that he knew that the check for $32.14 would be paid if he presented it for payment; and that he understood from reading the letter that if he signed the receipt which he was requested to sign, it would close the case. We think the appellant had ample notice

that the $32.14 check which he received and retained was a final payment, and that the case was being closed, and that the failure of the employer and its insurance carrier to state specifically in the report filed by them with the commission that the final payment had been made was due to the appellant's failure to sign and return to the carrier a proper receipt for the $32.14. We therefore hold that the requirements of par. (g) of Section 6998-19 were fully complied with.

The facts in this case are entirely different from the facts in Hale v. General Box Manufacturing Co., supra. In that case the record showed that the carrier never notified the claimant that the payment was final, but only notified him that his payments had been suspended. The carrier notified the commission that it had information that the employer intended to make claims for additional benefits; and the carrier delayed filing the final report on Form B-31 until January 19, 1954. The claimant demanded a hearing fifteen days later.

In the case that we have here, the appellant waited more than three years before asking for a review.

We find no error in the orders of the attorney-referee and the commission, and the judgment of the circuit court is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.