348 So.2d 236 (1977)
Geraldine BROWN
v.
F.W. WOOLWORTH COMPANY and Travelers Insurance Company.
No. 49429.
Supreme Court of Mississippi.
July 6, 1977.
*237 Burgin, Gholson, Hicks & Nichols, Dewitt T. Hicks, Jr., Robert B. Prather, Columbus, for appellant.
Threadgill & Smith, Taylor B. Smith, Columbus, for appellees.
Before GILLESPIE, C.J., and ROBERTSON and LEE, JJ.
LEE, Justice, for the Court:
The Circuit Court of Lowndes County affirmed an order of the Workmen's Compensation Commission holding that the claim of Geraldine Brown was barred by the one-year statute of limitations, and further holding that, except for her claim being barred, she was entitled to compensation benefits and medical services from F.W. Woolworth Company, employer, and the Travelers Insurance Company, carrier. From that judgment, Geraldine Brown appeals and the employer-carrier cross-appeals.
The only question presented on direct appeal is whether or not the claim is barred by the one-year statute of limitations (Section 21, Mississippi Workmen's Compensation Act).
Claimant (42 years of age) was working as a sales woman for F.W. Woolworth Company, Columbus, Mississippi, December 24, 1968, when she lifted a vacuum cleaner and injured her back. On the next day, she experienced pain and on December 26, a chiropractor treated her. She missed work for eight (8) days and then returned to her employment, although still suffering pain, and worked until November 24, 1969. She was unable to do housework or to engage in other employment, took Darvon and muscle relaxants after her injury, and was treated by the chiropractor until about April, 1970, when he referred her to Dr. William C. Sanders. Dr. Sanders hospitalized claimant, treated her with traction and physical therapy, took X-rays, and performed a myelogram which was negative. In November, 1970, Dr. Sanders recommended surgery, claimant declined the operation because of financial problems and because she was afraid. (A similar operation performed on her husband resulted in him being paralyzed).
On April 28, 1972, claimant filed Forms B-5 and B-11 with the Mississippi Workmen's Compensation Commission, the claim was controverted, appellees setting forth as an affirmative defense that the claim was barred by the statute of limitations. The attorney/referee held that claimant's injury was causally related to her employment with F.W. Woolworth Company, that the statute of limitations did not apply, and that claimant was entitled to full compensation benefits. On appeal to the Commission, the order of the attorney/referee was reversed and an order was entered denying compensation benefits on the ground that the claim was barred by the one-year statute of limitations.
In order to decide whether the one-year statute of limitations bars the claim, we must determine whether claimant's case was closed and whether notice of final settlement *238 and an opportunity to be heard were given claimant, as provided in Mississippi Code Annotated Section 71-3-37(7) (1972), which is as follows:
"(7) Within thirty (30) days after the final payment of compensation has been made, the employer shall send to the commission a notice in accordance with a form prescribed by the commission, stating that such final payment has been made, the total amount of compensation paid, the name of the employee and of any other person to whom compensation has been paid, the date of the injury or death, and the date to which compensation has been paid. If the employer fails so to notify the commission within such time, the commission may assess against such employer a civil penalty in an amount not exceeding one hundred dollars ($100.00). No case shall be closed nor any penalty be assessed without notice to all parties interested and without giving to all such parties an opportunity to be heard." (Emphasis supplied).
Notice was sent to claimant by mailing her a copy of the B-31 Form [Appendix I], the unsigned original of which was mailed to the Workmen's Compensation Commission on the same date. That notice did not state (1) that the case was being closed, or (2) that it was a final report and settlement, or (3) that it constituted a final receipt, or (4) that claimant had the right or opportunity to be heard in the matter.
In Carter v. Wrecking Corporation of America, 234 Miss. 559, 107 So.2d 116 (1958), the employee received a B-31 form as notice of final payment, and the one-year period ran. He contended that the notice was insufficient to comply with the statute. This Court stated:
"But it is said that the Form B-31 filed with the commission failed to show that the final payment of $32.14 had actually been made to the appellant, and that nowhere in the record is it shown that the appellant was given notice that the case was being closed. We think there is no merit in this contention. The appellant admitted that he had received along with the check for $32.14, dated February 23, 1950, a copy of the Form B-31 report, entitled `Final Report and Settlement Sheet,' which showed total compensation payments made to him in the amount of $532.14, and which contained a form `Final Receipt' for the $32.14 to be executed by him; and also the letter from the insurance carrier, requesting him to sign the final receipt and return it to the carrier. The appellant also admitted that he endorsed the check for $32.14 and retained it in his possession, and that he did not sign the form receipt and return it to the employer or its insurance carrier, as requested in the letter. The appellant admitted that he had received similar checks prior to that time and that they had always been paid, and that he knew that the check for $32.14 would be paid if he presented it for payment; and that he understood from reading the letter that if he signed the receipt which he was requested to sign, it would close the case. We think the appellant had ample notice that the $32.14 check which he received and retained was a final payment and that the case was being closed, and that the failure of the employer and its insurance carrier to state specifically in the report filed by them with the commission that the final payment had been made was due to the appellant's failure to sign and return to the carrier a proper receipt for the $32.14. We therefore hold that the requirements of par. (g) of Section 6998-19 were fully complied with." 234 Miss. at 566-567, 107 So.2d at 120.
In the Carter case, the B-31 form was entitled "Final Report and Settlement Sheet." The receipt at the bottom of Form B-31 was entitled "Final Receipt." Furthermore, a cover letter was forwarded with the B-31 form, Carter admitted he received a check which he knew to be a final payment, and he knew that the case would be closed.
The Court held that under those circumstances, Carter had ample notice that the check was a final payment and that the case was being closed.
*239 In McLemore v. Jackson Tile Mfg. Co., 252 So.2d 781 (Miss. 1971), the Court discussed Commission Rule B-17 [Appendix II] which provided the procedure for filing Commission Form B-31 in accordance with the requirements of Section 13(g) of the Act [Mississippi Code Annotated Section 71-3-37(7) (1972)]. While the technical aspects and wording of the rule were discussed, it was held that McLemore did not receive the notice as contemplated and required by Section 71-3-37(7), and stated:
"In the case of Carter v. Wrecking Corporation of America, 234 Miss. 559, 107 So.2d 116 (1958) this Court permitted the statute of limitations to be successfully used against the claim of an employee who had received a letter along with two copies of Form B-31 and a check for final payment. However, in that case the employer and carrier clearly notified the employee that the enclosed check was the final payment. The employee was given an opportunity to controvert the contention that the enclosed check was a final payment, but failed to do so within one year from the final payment of compensation provided for in Section 6998-27, Mississippi Code 1942 Annotated (1952).
The Legislature of Mississippi has attempted to provide for due process by requiring that `no case shall be closed nor any penalty be assessed without notice to all parties interested.' Section 6998-19(g), Mississippi Code 1942 Annotated (1952). This simply means that due process can only be had by giving notice that the case is closed so as to give the parties an opportunity to be heard within the time allowed by law after such notice has been filed with the Commission. We are of the opinion that the alleged notice in the instant case is insufficient." 252 So.2d at 784.
Commission Rule B-17 was amended December 31, 1968. The only changes in the rule as considered in McLemore deleted the words "because of the refusal or negligence of claimant to sign the form," removed the necessity of sending the notice by certified mail, and provided that notice of filing be given to the claimant. Both Rule B-17 and amended Rule B-17 designated Form B-31 as "Final Report and Settlement Receipt." The B-31 form in Carter was entitled "Final Report and Settlement Sheet," whereas, the B-31 form in the present case is entitled simply "Report and Settlement Receipt."
We hold that claimant did not receive the notice and an opportunity to be heard, and that the case was not closed, all as contemplated by Section 71-3-37(7), that she was denied due process of law, and that her claim is not barred by the one-year statute of limitations.

CROSS-APPEAL
Appellees contend on cross-appeal (1) that appellant received no payment of compensation and that the two-year statute of limitations (Section 12, Mississippi Workmen's Compensation Act) bars any claim.
The two-year limitation comes into effect upon two conditions: (1) if payment of compensation other than medical treatment or burial expense is made, and (2) no application for benefits has been filed with the Commission within two (2) years from the date of the injury. For a determination of this question, it is necessary to decide whether or not compensation payments were made to appellant.
The Form B-31 Report and Settlement Receipt filed with the Commission by the carrier was prepared by its assistant manager. The report reflected the date of injury as December 24, 1968, the last day claimant worked as December 24, 1968, and the day she returned to work as January 2, 1969; that three (3) days' compensation of seventeen dollars thirteen cents ($17.13) was paid with a total compensation and medical expenses of one hundred twenty-nine dollars thirteen cents ($129.13); and that "Salary paid in lieu of comp." The assistant manager testified that, if the employer had not paid the $17.13, which was the exact amount of compensation due, the carrier would have paid same.
*240 Decisions in other jurisdictions are not in harmony as to what payments made, other than by the carrier, constitute compensation payments. The question is of first impression in Mississippi. As long ago as 1938, the District Court of Appeals, Third District of California, in Morrison v. Industrial Accident Commission of California, 29 Cal. App.2d 528, 85 P.2d 186 (1938) [hearing denied by Supreme Court], held that where the claimant was on sick leave and was paid his full wages by the employer, who had full knowledge of the fact that claimant was disabled from silicosis which was incurred in the employee's mine in the course of his employment, the payments constituted compensation for his injury, and had the effect of tolling the statute of limitations and his claim was not barred.
The case of Bottoms v. Pioneer Irrigation District et al., 95 Idaho 487, 511 P.2d 304 (1973), set forth that payment of wages under certain conditions may constitute a waiver and toll the statute of limitations, if the claimant reasonably believed the payments were in lieu of compensation.
In Harrell v. Travelers Insurance Company, 255 So.2d 410 (La. App. 1971), the Court said: "The payment of wages in lieu of compensation interrupts the prescriptive period provided for by LSA-R.S. 23:1209." 255 So.2d at 412. The Louisiana court, citing other cases decided by it, stated that the basic test for determining whether wages are paid in lieu of compensation is whether the wages paid after the injury are actually earned and that such is determined by the facts and circumstances of a particular case; the test for treating wages as in lieu of compensation is not whether the claimant does all his prior work, but, rather, the test is whether the wages are earned by such work as the claimant in fact does.
In Martin v. L. & A. Contracting Co., 249 Miss. 441, 162 So.2d 870 (1964), holding that Martin's claim was not barred under the two-year statute of limitations, the Court said:
"Voluntary payment of compensation under these circumstances constitute a waiver of formal claim, and rendered claimant's delay reasonable. 2 Larson, Workmen's Compensation Law, §§ 78.43(c), 78.70. This is in accord with the analogous rule that payments of wages toll the limitations statute, if they were made on account of a recognition of compensation liability." 249 Miss. at 448, 162 So.2d at 873.
Appellant here was unable to return to work from December 24, 1968, the date of her injury, until January 2, 1969. She lost (8) working days, and, under the statute, could not recover for the first five (5) days of disability. If she had worked three (3) days at her regular weekly wage, she would have earned thirty-nine dollars and sixty cents ($39.60). The employer paid her $17.13, being the exact amount of compensation to which she was entitled. The carrier was responsible for and recognized it owed that amount. The assistant manager testified that the carrier would have paid same, but for the employer doing so. It cannot reasonably be argued that claimant earned or was paid $17.13 as wages. The Report and Settlement Receipt (Form B-31) credited the carrier with that amount of compensation paid and it is reasonable to assume that, in balancing the account between carrier and employer, credit was given for that amount paid as compensation.
In our opinion, the payment of $17.13 by the employer was compensation for the injury sustained, such payment tolled or erased the two-year statute of limitations, and this assignment of error on cross-appeal is not well taken.
We have carefully considered the record and we find the holding of the Commission (1) that there was causal connection between claimant's injury and her employment, (2) that claimant did not unreasonably refuse to submit to medical treatment (surgery) from November, 1970, through October 18, 1972, and (3) that appellees are liable for medical expenses, is supported by substantial evidence. The cross-assignments of error as to such findings are without merit. We, therefore, are of the opinion that the judgment should be, and it is, reversed and remanded on direct appeal to *241 the Workmen's Compensation Commission for further action consistent with this opinion, and it is affirmed on cross-appeal.
This case was considered by a conference of the justices en banc.
REVERSED AND REMANDED TO WORKMEN'S COMPENSATION COMMISSION ON DIRECT APPEAL. AFFIRMED ON CROSS-APPEAL.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.
GILLESPIE, C.J., dissents.

APPEMDIX I

*242 APPENDIX II

RULE B-17
CLOSING CASE. The requirement for the filing of Commission Form B-31, Final Report and Settlement Receipt, shall be deemed to have been met upon receipt by the Commission of such form, signed by claimant, provided, however, that the form so filed is in accordance with the requirements of Section 13(g) of the Act and contains the information specified therein. In the event Form B-31 is not signed by claimant, the unsigned form shall be filed with the Commission with notice of such filing given to the claimant. Should the original or any subsequent Form B-31 be filed that does not furnish all medical or other information required, another form B-31 containing complete information shall be filed as soon as possible thereafter as provided herein.
GILLESPIE, Chief Justice, dissenting:
In my opinion, the B-31 form prescribed by the Workmen's Compensation Commission was sufficient notice to the claimant. It contained all of the information required by the form. A copy of it was mailed to the claimant by registered mail, and a copy mailed to the Commission. Moreover, the claimant received the form and had it in her purse at the time of the hearing. In my opinion this complied with Rule 17 of the Rules and Regulations of the Workmen's Compensation Commission and constituted sufficient notice under the statute to set in motion the one-year statute of limitations.