399 So.2d 224 (1981)
STAPLE COTTON SERVICES ASSOCIATION AND HOME INSURANCE COMPANY
v.
Jessie RUSSELL.
No. 52636.
Supreme Court of Mississippi.
May 27, 1981.
*225 Joseph T. Wilkins, III, McCoy, Wilkins, Noblin & Anderson, Jackson, for appellant.
Robert L. Crook, Ruleville, for appellee.
Before PATTERSON, C.J., and LEE and HAWKINS, JJ.
HAWKINS, Justice, for the Court:
This is an appeal by the employer Staple Cotton Services Association and the insurance carrier Home Insurance Company from a judgment of the Circuit Court of Washington County affirming the order of the Mississippi Workmen's Compensation Commission awarding claimant Jessie Russell temporary total disability benefits at the rate of $84.00 per week beginning January 8, 1977, until March 21, 1977, and permanent partial disability benefits at the rate of $25.00 a week beginning March 21, 1977, and continuing thereafter for a period of not to exceed 450 weeks, plus medical expenses as provided by Mississippi Code Annotated § 71-3-15 (1972), and sustaining a motion of claimant for a ten percent penalty as provided by Mississippi Code Annotated § 71-3-37 (1972) for failure to make prompt payment of installments of permanent partial disability benefits when due. The full commission had in turn by its order affirmed the previous order of the administrative law judge. The claimant Russell has cross-appealed from the denial to him of total disability benefits under the Act.
We affirm on direct and cross appeals.
The claimant appellee Russell sustained a compensable injury on January 8, 1977, while employed by Staple Cotton. Russell at the time of his injury had been employed with the company longer than six months and was considered a permanent employee. Employee benefits were in effect with the company, embodied in a handbook, which contained the following provisions:
"2. Sick Leave. Permanent employees will be paid full salary during the first 120 consecutive days of absence from work due to sickness, maternity, or injury; one-half salary will be paid for a second 90-day period. After 210 consecutive days of absence, salary will be discontinued.
"Assistance will be provided, however, in obtaining disability benefits through Social Security and the Pension and Retirement Plan, if applicable.
"In the event an employee exercises his rights to sick leave the employer reserves the authority to request a physician's statement as to the condition of the individual."
* * * * * *
"5. Workman's Compensation. Full insurance is carried, as required by the Workman's Compensation laws of the State of Mississippi, to cover loss of time and expenses resulting from an injury or illness incurred while performing duties connected with employment. Notice of such accident or illness must be given to the Payroll Department within 12 hours."
Following his injury Russell was paid under the company plan $126.08 per week through June 18, 1977, with the exception of a deduction in the week's payroll of May 28, wherein he was paid $104.02, and finally, on June 25, he was paid $26.79. He was terminated June 20, 1977.
On May 3, 1977, the insurance carrier wrote claimant's attorney at the time, Carver A. Randle, enclosing a report of an examining physician to the effect Russell had reached maximum medical recovery, had no medical impairment, and could pursue any type of work of his choice. Also enclosed in the letter for Russell's signature were three copies of Mississippi Workmen's *226 Compensation Commission Form B-31, the Final Report and Settlement Receipt, with the request that Russell sign all three copies, retain one copy, and return the original and one copy to the insurance carrier for filing with the Commission.
The carrier received no response to this letter, and on June 6, 1977, wrote the Commission a letter in reference to this cause, enclosing three copies of Form B-31, notifying the Commission forms had been previously sent to Russell for his signature, and he failed to return them. The letter requested the Commission file and return two carbon copies to the office of the insurance carrier.
On June 16, 1977, the insurance carrier wrote Russell in care of his attorney Randle, enclosing a copy of Form B-31 and asking him to note that the form was received in the Commission offices on June 9, 1977. The letter concluded with the sentence: "We consider this matter closed at this time."
On June 16, 1978, Russell filed with the Commission Form B-5 and B-11, styled "Application of Claimant for Workmen's Compensation Benefits."
In their answer filed July 24, 1978, the employer and carrier as an affirmative defense pled the one year statute of limitations following transmittal of the Form B-31, and also filed a Plea in Bar setting forth the above facts relative to the mailing of the Form B-31, and claiming the statute began to run on May 3, or at least on June 6, 1977, and therefore the motion to controvert filed June 16, 1978, was barred by § 21 of the Mississippi Workmen's Compensation Act, Mississippi Code Annotated § 71-3-53 (1972).
The first assignment of error on this appeal is the claimed error of the circuit court and commission in not dismissing this case because it was barred by this one year statute.
We again hold that the statute did not begin to run until claimant Russell was advised that the Form B-31 had been filed with the commission. This began with the letter to Russell dated June 16, 1977, and he had one full year after this date within which to file his claim with the commission.
This Court has already spoken on the precise question raised by appellants, but because there has been one change in Rule B-17 of the commission wherein the former requirement to mail the notice to claimant by certified mail has been deleted, we cover the matter again.
Two code sections and a commission rule must be considered together.
Mississippi Code Annotated § 71-3-53 (1972) provides as follows:
"Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, ..."
Mississippi Code Annotated § 71-3-37(7) provides as follows:
"(7) Within thirty (30) days after the final payment of compensation has been made, the employer shall send to the commission a notice in accordance with a form prescribed by the commission, stating that such final payment has been made, the total amount of compensation paid, the name of the employee and of any other person to whom compensation has been paid, the date of the injury or death, and the date to which compensation has been paid. If the employer fails so to notify the commission within such time, the commission may assess against such employer a civil penalty in an amount not exceeding one hundred dollars ($100.00). No case shall be closed nor any penalty be assessed without notice to all parties interested and without giving to all such parties an opportunity to be heard.

Finally, Commission Rule B-17 reads as follows:

*227 "CLOSING CASE. The requirement for the filing of Commission Form B-31, Final Report and Settlement Receipt, shall be deemed to have been met upon receipt by the Commission of such form, signed by claimant, provided, however, that the form so filed is in accordance with the requirements of Section 13(g) of the Act and contains the information specified therein. In the event Form B-31 is not signed by claimant, the unsigned form shall be filed with the Commission with notice of such filing given to the claimant. Should the original or any subsequent Form B-31 be filed that does not furnish all medical or other information required, another form B-31 containing complete information shall be filed as soon as possible thereafter as provided herein."
Dunn's Mississippi Workmen's Compensation 2d ed. § 256 (1978 Supp.) clearly sets forth the conditions precedent in order to start the running of the one year statute of limitations:
"One requirement of the employer is that a notice be filed with the commission stating that final payment has been made, the amount paid and certain other information identifying the case. Other procedural requirements are noted below.
"Provision is made that no case shall be closed without giving notice to all parties interested and without giving to all parties an opportunity to be heard. But when the required form is signed by the claimant and filed with the Commission, no formal hearing or order is necessary to start the running of the time limitation and no other or further notice need be given the claimant.
"Where the required form is presented to the claimant and he neglects or refuses to sign the receipt, the employer or carrier may state the failure or refusal as a reason and the filing is effective without the claimant's signature, and the running of time under the limitation section of the Act will begin; provided, however, that the employee is given due notice that the unsigned form has been actually filed with the Commission. Two absolute requirements have been emphasized as essential to compliance with due process of law: (1) the employee must be given an opportunity to sign the form before it is filed and (2) notice of the filing of the form without the employee's signature must be given to the employee not before but after the notice has been filed with the Commission. No specific form for proof of notice is required. A distinction is made as between a form that is signed by the claimant and one that is unsigned. If the claimant signs the form, no other notice is required."
It is thus clear, as this Court stated in McLemore v. Jackson Tile Mfg. Co., 252 So.2d 781 (Miss. 1971), the employee must first be given an opportunity under the Commission Rule to sign the required form. If he fails or refuses to sign the form when submitted to him, the employer and carrier then have the duty to file an unsigned form with the commission. Thereafter, to start the statute running, "notice of such filing" must be given to the claimant. It is no longer necessary, however, under this rule that the notice be mailed certified mail to the claimant.
In this case, notice of the filing was not given to the claimant until the letter dated June 16, 1977. Both the affirmative defense and the plea in bar pleading this one year statute of limitations were therefore properly overruled by the commission and the circuit judge.
The employer and carrier also assign as error the failure of the commission and circuit judge to allow them credit on workmen's compensation benefits of the salary payments made by the employer following January 8, 1977. This contention was covered in Pet, Incorporated, Dairy Division v. Roberson, 329 So.2d 516 (Miss. 1976), in which we held that sick pay received by an employee based upon past service with the company rather than because of injury sustained while on the job is no different than vacation pay, and is a benefit accumulated on the basis of past service. Pay received by an employee under such circumstances *228 should not be deducted from his workmen's compensation benefits. It is clear in this case the pay Russell received following January 8, 1977, was based on past service rather than on the injury as such, and therefore the commission and circuit judge were correct in refusing to deduct the workmen's compensation benefits by the amount paid to him under the Staple Cotton's company plan to pay sick or injured employees for a period of time following sickness or disability. See Larson, Workmen's Compensation, Volume 2 § 57.46 (1981).
For the reasons stated the direct appeal should be affirmed.
Claimant urges on cross appeal the administrative law judge, the commission and the circuit judge erred in not holding his total disability was not causally related to his injury on January 8, 1977, and in failing to hold him totally disabled as a result of this injury.
The order of the administrative law judge is dated January 28, 1980. The employer and carrier filed a petition for review February 15, 1980. On June 16, 1980, the claimant filed with the commission a "Response to Petition for Review of Employer and Carrier and Cross Appeal of Claimant." (emphasis added) The order of the full commission affirming the administrative law judge is dated June 24, 1980. On July 2, 1980, the employer and carrier filed a petition for appeal to the circuit court, and on July 9 the claimant filed a notice of cross appeal to the circuit court. The claimant has also properly filed a cross appeal with this Court, and insofar as his cross appeal to this court, has in all respects complied with our Rules.
The employer and carrier argue that the cross appeal from the administrative law judge was not timely filed, and is therefore barred under the statute and commission rules.
Mississippi Code Annotated § 71-3-47 (1972) provides in part:
"Upon the conclusion of any such hearing, the commission's representative shall make or deny an award, and file the decision in the office of the commission. Immediately after such filing, a notice of decision shall be sent to all interested parties. This decision shall be final unless within twenty (20) days a request or petition for review by the full commission is filed."
Rule B-10 of the commission reads as follows:
"REVIEW HEARINGS. In all cases where either party desires a review before the full Commission from the decision rendered at the initial hearing, the party desiring the review shall within twenty days of the date of said decision file with the Secretary of the Commission a written request or petition for review before the full Commission, and certify that copies of the request for review have been filed with the opposing party; provided, however, that failure to file such certification shall not be a bar to the review requested."
It can be observed there is no provision in either the statute or commission rules for a cross appeal from a decision of the administrative law judge. The code section and rule quoted clearly apply only to a direct appeal.
Since there is no statutory requirement as to a cross appeal the commission is free to adopt whatever rule it deems feasible on cross appeals by a party, and having apparently promulgated none thus far was clearly within its authority in considering the cross appeal, even though filed considerably more than twenty days following the decision of the administrative law judge. There was no legal error committed by the commission in considering the claimant's cross appeal.
It would appear the commission in the exercise of its statutory responsibilities should adopt some reasonable rule as to cross appeals.
Turning to the merits of the cross appeal, the record contains substantial competent and credible evidence supporting the finding of the administrative law judge and *229 the full commission relative to the claimant's disability, and it is well settled neither the circuit judge nor this court has any right to reverse such finding. Shippers Exp. v. Chapman, 364 So.2d 1097 (Miss. 1978); Charles N. Clark Associates Ltd. v. Robinson's Dependents, 357 So.2d 924 (Miss. 1978); Holloway v. Prassell Enterprises, Inc., 348 So.2d 771 (Miss. 1977); Hemphill Drug Co. v. Mann, 274 So.2d 117 (Miss. 1973).
The order is therefore affirmed on cross appeal.
AFFIRMED ON DIRECT AND CROSS APPEALS.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.