BRIDGES, J.,
for the court.
¶ 1. Roger McCrimon settled a workers’ compensation claim in May 1993. On June 1, 1993, the employer filed a report of payment and settlement receipt (Form B-31) which was signed and acknowledged by McCrimon. On September 7, 1993, the employer filed a revised Form B-31. McCrimon made a motion to reopen his claim before Administrative Law Judge Linda Thompson. Judge Thompson granted MeCrimon’s motion to reopen. The Full Commission, however, reversed the decision of the administrative law judge and the Circuit Court of Hinds County affirmed the Full Commission’s decision. From this, McCrimon appeals to this Court.
STATEMENT OF THE ISSUES
I. WHETHER SUBSTANTIAL EVIDENCE SUPPORTS THE FINDINGS OF THE FULL COMMISSION THAT THE APPELLANT IS NOT ENTITLED TO REOPEN THIS MATTER.
II. WHETHER THE FULL COMMISSION DECISION REGARDING THE CHANGES TO FORM B-31 WAS CORRECT.
FACTS
¶ 2. McCrimon began working for Red Arrow Car Wash, his employer, on October 29, 1991. He was employed as a shift manager and also assisted other employees with the washing and waxing of customers’ vehicles. On June 17, 1992, McCrimon injured his back while buffing a vehicle. Red Arrow provided medical treatment and temporary total disability benefits.
¶ 3. McCrimon was treated by Dr. John Górecki, a neurosurgeon, and Dr. Greg Wood, an orthopaedic surgeon. In October 1992, MeCrimon’s spine was fused with metal plates and screws to stabilize it. McCrimon had previous back problems in 1980, 1985, and 1990. In all three of these instances, McCrimon filed and settled a workers’ compensation claim. Also, at least one of these claims involved a surgery.
¶ 4. After the 1992 surgery, McCrimon was treated by Dr. Wood until May 18, 1993. Dr. Wood released McCrimon because he determined that his patient had reached maximum medical improvement. However, Dr. Wood would see McCrimon as needed. Dr. Wood assigned an impairment rating of 25% to the whole body based on MeCrimon’s injury at Red Arrow along with his prior injuries. Importantly, Dr. Wood also discussed with McCrimon the potential need for future surgery to remove the metal hardware from the spinal fusion one year following the surgery. Red Arrow paid temporary total disability benefits and provided all medical services and supplies from the date of the injury until May 25,1993.
¶ 5. On May 25, 1993, McCrimon agreed to a 9(i) settlement of his workers’ compensation claim for $40,000. McCrimon signed a release and Form B-31 on that day. This Form B-31 (May form) was filed in June 1993. Subsequently, on September 7,1993, a revised Form B-31 (Sep *397 tember form) was filed. The September form was not signed by McCrimon and was instead forwarded to his last known address. The differences in the two Forms B-31 were as follows: Line 22 of the May form had hospital expenses listed as $32,903.12, while the September form listed these expenses as $33,615.12. Line 23 of the May form listed doctor’s fees as $13,298.16, while the September form stated these fees were $13,442.16. Also the May form listed the Line 25, other expenses, as $2,104.91, while the September form listed these expenses as $2,640.71. The total expenses on the May form were $98,387.63 and were $99,799.93 on the September form. The September form also had the number 36,256.33 hand written on it, but does not indicate the meaning of this figure. Finally, the September form had an additional hand-written sentence fragment on Line 29 stating that the form was not signed because the employee had failed to return it.
¶ 6. In October 1993, McCrimon returned to Dr. Wood for treatment. Dr. Wood recommended that the hardware be removed from McCrimon. Dr. John Frénz removed the hardware in February 1995. McCrimon had further surgeries in November 1996, July 1997, and September 1997; however, these surgeries were after McCrimon had been in an automobile accident and after he had taken a fall at home.
¶ 7. After these additional surgeries, McCrimon filed a motion to reopen his claim and a petition to controvert. He alleged that there was a mistake of fact regarding the settlement, that his physical condition significantly worsened after the settlement and that the claim was not barred by the one-year statute of limitations. Following a hearing on the matter, the administrative law judge reopened the claim, finding that the statute of limitations did not bar the reopening of the claim and that his condition had significantly changed after the settlement. Af-terwards, the Commission reversed the decision of the administrative law judge finding that the statute of limitations did bar the reopening of the claim and alternatively, that McCrimon’s alleged change in condition was also insufficient to justify the reopening of his claim. This decision was appealed to the circuit court which affirmed the decision of the Full Commission.
¶ 8. McCrimon now claims that he did not receive the notice of the filing of the September Form B-31 until after he sought to reopen his claim and therefore the one-year statute of limitations should not have begun to run. He also claims that a change in condition had occurred since his settlement. He, therefore, asks that this case be remanded for more discovery to determine the nature of any subsequent medical payments made by the carrier after the initial May Form B-31 was filed.
ANALYSIS
I. WHETHER SUBSTANTIAL EVIDENCE SUPPORTS THE FINDINGS OF THE FULL COMMISSION THAT THE APPELLANT IS NOT ENTITLED TO REOPEN THIS MATTER.
II. WHETHER THE FULL COMMISSION DECISION REGARDING THE CHANGES TO FORM B-31 WAS CORRECT.
¶ 9. The findings and orders of the Mississippi Workers’ Compensation Commission are binding on all appellate courts so long as the decisions are supported by substantial evidence. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994); Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988); Champion Cable Const. Co., Inc., v. Monts, 511 *398 So.2d 924, 927 (Miss.1987); Penrod Drilling Co. v. Etheridge, 487 So.2d 1330, 1332 (Miss.1986); Georgia-Pacific Corp. v. Veal, 484 So.2d 1025, 1027 (Miss.1986); Evans v. Marko Planning, Inc., 447 So.2d 130, 132 (Miss.1984). This is a general deferential standard of review to the findings of the Commission. Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1245 (Miss.1991). Great deference is given to the findings of the Commission when supported by substantial evidence. Harper v. North Miss. Med. Ctr., 601 So.2d 395, 395 (Miss.1992). As a matter of custom and practice, the administrative law judge is generally, within the Commission, the individual who conducts the hearing and hears the live testimony. However, it is the Commission itself that is the finder of the facts and that on judicial review, its findings and decisions are subject to the normal deferential standards, notwithstanding the opinion of the administrative law judge. Walker Mfg. Co., 577 So.2d at 1245.
¶ 10. In this case, McCrimon must show that there was not substantial evidence to support the Commission’s finding that the filing of the September Form B-31 did not stop or interrupt the running of the one-year statute of limitations which began with the May Form B-31. Form B-31 is filed with the Commission in order to provide the notice required by Mississippi Code Annotated section 71-3-37(7) before a worker’s rights to benefits can be terminated and for due process of law. M.W.C.C. Procedural Rule 17. As the district court discussed, the statute of limitations for a completed and signed Form B-31 begins to run upon the filing of the form with the Commission. For complete but unsigned forms, the one-year statute of limitations begins to run when the claimant is notified by the employer that the unsigned form has been filed with the Commission. Staple Cotton Services Ass’n v. Russell, 399 So.2d 224 (Miss.1981); see also Vardaman S. Dunn, Mississippi Workers’ Compensation § 256 (3d ed. 1982 & Supp.1988). If, after the proper filing of the Form B-31, additional medical expenses are provided, the running of the one-year statute of limitations ceases, and will begin to run after a new Form B-31 is properly filed. Dunn, supra at § 259.
¶ 11. In this case, the Commission found that the one-year statute of limitations began to run when the May Form B-31 was filed. The Full Commission determined that nothing had happened after this filing that would have stopped the running of the statute of limitations. The Commission determined that the differences in the numbers were mere corrections of the amount actually paid. It found that no additional benefits were furnished to McCrimon after he received his $40,000 settlement. While the administrative law judge found that there were grounds to reopen the file, it is the Commission’s decision that this Court must defer to. McCrimon presented no evidence demonstrating that additional benefits were furnished or provided after the filing of the May Form B-31.
¶ 12. McCrimon argues that he was not allowed to perform any discovery to determine the reason why there were two different sets of numbers on the May Form B-31 and September Form B-31. He appeals to this Court to “reaffirm” prior decisions finding that:
[a]t the outset, it is important to remember that the provisions of the Mississippi Workers’ Compensation Act are to be construed liberally and that ‘doubtful cases are to be resolved in favor of compensation so that the beneficent purposes of the act may be achieved.’
Holbrook et. al. v. Albright Mobile Homes, Inc., 703 So.2d 842, 844(¶5) (Miss.1997), *399 quoting Robinson v. Packard Elec. Div., 523 So.2d 329, 332 (Miss.1988). This Court does uphold Holbrook and Robinson and is quick to reinforce the fact that this liberal construction of the Act shall be applied to doubtful cases. Some examples of doubtful cases are when the employer misrepresents the nature and existence of its coverage and the employee relies on such statements or when the employer fails to give notice to the Commission. See Casey v. Deeson Cash Grocery, 246 So.2d 534, 535 (Miss.1971); Martin v. L. & A. Contracting Co., 249 Miss. 441, 162 So.2d 870, 872 (1964).
¶ 13. This case, however, is not a doubtful case. The Commission found that the revised September Form B-31 was submitted to correct errors in the amount of medical expenses reported on the May Form B-31. In fact, the only differences between these two forms concerned these numbers. Furthermore, Mississippi has found that the filing of a Form B-31 containing errors as to the amount of benefits paid is sufficient to begin the running of the statute of limitations and that the filing of a corrected form will not interrupt the running of the statute of limitations even if it is without notice to the claimant. Carter v. Wrecking Corp. of America, 234 Miss. 559, 565-66, 107 So.2d 116, 119 (1958).
¶ 14. The evidence clearly shows that McCrimon was informed that he may have future medical expenses when he agreed to the $40,000 settlement. There is no doubt that McCrimon knew of the possibility of further medical treatments. Furthermore, some of the additional treatments he received were after he had been injured in an automobile accident and a fall at home. The Commission found no proof of mistake in determination of fact or a change in condition that would justify the reopening of MeCrimon’s case for discovery. McCri-mon did not have another surgery until 1995 and then waited until 1998 to move to have his claim reopened. Further evaluation of the Forms B-31 would not change these facts or further support McCrimon. He understood the implications of his settlement and he was not denied due process.
¶ 15. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.