CARLTON, J., for the Court:
¶ 1. Leggett and Platt (Leggett), and its insurance carrier, Fidelity and Guaranty Insurance Company (Fidelity), appeal the order of the Mississippi Workers’ Compensation Commission (Commission) finding that Victor Brinkley timely filed his petition to controvert. Finding that the Commission erred in its determination that Brinkley filed his petition to controvert within the one-year statute of limitations, we reverse and render the full Commission’s order.
FACTS
¶ 2. Victor Brinkley sustained a com-pensable right-thumb injury on January 15, 2011, while operating a riveting machine during the course and scope of his employment at Leggett. That same day, Brinkley received treatment for his injury at the North Mississippi Medical Center, where doctors diagnosed him with a distal right thumb, rivet injury. Dr. Alan Pritchard, a plastic surgeon, treated Brinkley and performed an amputation revision of the right thumb at the interpha-langeal joint level. Dr. Pritchard discharged Brinkley on January 15, 2011, the same day as his injury. Following discharge, Brinkley continued to receive treatment from Dr. Pritchard.
¶ 3. On May 23, 2011, Dr. Pritchard released Brinkley at maximum medical improvement (MMI), and he assigned an eleven percent impairment rating to the right upper extremity with no work restrictions. Leggett, Brinkley’s employer, and Fidelity, Leggett’s insurance carrier, paid Brinkley $8,806.60 in permanent partial disability benefits, representing a payout of the eleven percent impairment to the upper extremity. Leggett and Fidelity authorized no medical treatment for Brinkley since Brinkley’s last evaluation by Dr. Pritchard on May 23, 2011.
*108 ¶ 4. On October 20, 2011, Fidelity sent a Form B-31, Notice of Final Payment, to Brinkley for execution. When Brinkley failed to return the signed Form B-31, Fidelity sent another letter via certified mail on November 2, 2011, requesting execution of the enclosed Form B-31. When Brinkley failed to return the second B-31, Fidelity filed an unsigned Form B-31 on November 23, 2011, with the Commission. Following receipt of the stamped-filed copy from the Commission, Fidelity sent a letter dated December 1, 2011, to Brinkley via certified mail, return receipt requested, providing him with the stamped-filed Form B-31 and referring Brinkley to the section on the Form B-31 regarding the one-year statute of limitations. The certified-mail documentation confirms that the post office left notice of delivery on December 5, 2011.
¶ 5. On December 12, 2011, Fidelity sent the Commission a copy of the December 1, 2011 letter that it sent Brinkley via certified mail. Then, on January 27, 2012, Fidelity received a signed Form B-31 from Brinkley, and the date on the Form B-31 reflected that Brinkley signed the form on January 25, 2012. Fidelity sent the Form B-31 signed by Brinkley on January 25, 2012, to the Commission on January 27, 2012. Following its receipt of this stamped-filed Form B-31 from the Commission, Fidelity sent a copy to Brinkley via certified mail, return receipt requested, on February 2, 2012. The post office attempted delivery on February 6, 2012, and again on February 9, 2012.
¶ 6. On January 30, 2013, Brinkley filed his petition to controvert alleging a right-thumb injury sustained on January 15, 2011, while operating a riveting machine in the course and scope of his employment. Thereafter, Leggett and Fidelity filed their answer admitting liability for the subject claim, but averring that the one-year statute of limitations set forth in Mississippi Code Annotated section 71-3-53 (Rev. 2011) barred the claim. In addition, Leggett and Fidelity filed their motion to dismiss the claim, arguing that the one-year statute of limitations barred the claim.
¶ 7. The parties attended a hearing on July 12, 2013, and presented their arguments related to the motion to dismiss before an administrative judge (AJ). On July 15, 2013, the AJ granted the motion to dismiss, and entered an order dismissing the claim on July 31, 2013. On August 9, 2013, Brinkley filed his petition for review of the AJ’s decision before the full Commission.
¶ 8. On November 4, 2013, the full Commission heard oral arguments from both parties. The full Commission then entered an order reversing the AJ’s decision to dismiss the claim and remanded the matter to the AJ for further proceedings consistent with the order. The full Commission stated that the limitations period under Mississippi Code Annotated section 71-3-53 begins upon the proper filing of the Form B-31. The full Commission found that in the present case, Brinkley failed to receive actual notice of Leggett and Fidelity’s November 23, 2011 filing of the unsigned Form B-31, since the postal-service tracking notification stated that on December 5, 2011, the post office attempted delivery of the notice of the filing but without success. The Commission found that actual notice of final payment was not shown until January 27, 2012, when Leggett and Fidelity received in the mail a Form B-31 containing Brinkley’s signature. Leggett and Fidelity filed the signed Form B-31 with the full Commission on January 30, 2012. The full Commission held that this filing started the running of the one-year limitations period, even though Brinkley acknowledged *109 that he received the Form B-31 three months before he signed and returned it.
¶ 9. The full Commission acknowledged that Brinkley filed his petition to controvert the claim on January 30, 2013, 366 calendar days (including the starting/ending dates) after the January 30, 2012 filing of the signed Form B-31. The full Commission stated in its opinion that according to the Mississippi Administrative Procedures Law, the one-year limitation period began to run on the day following the January 30, 2012 filing of the signed Form B-31. Accordingly, the full Commission held that Brinkley timely filed his petition to controvert before the expiration of the one-year limitations period.
¶ 10. Leggett and Fidelity now appeal the full Commission’s decision.
STANDARD OF REVIEW
¶ 11. This Court utilizes a substantial-evidence standard of review to resolve a workers’ compensation case. Hugh Dancy Co. v. Mooneyham, 68 So.3d 76, 79 (¶ 6) (Miss.Ct.App.2011). However, this Court employs a de novo standard of review to questions of law, including statute-of-limitations issues. Jordan v. Pace Head Start, 852 So.2d 28, 30 (¶ 4) (Miss.Ct.App. 2002). “We defer to the Commission’s decision and reverse only when the Commission’s decision is not supported by substantial evidence.” Cook v. Home Depot, 81 So.3d 1126, 1128 (¶ 7) (Miss.Ct.App.2011).
DISCUSSION
¶ 12. Leggett and Fidelity argue that the full Commission erred in finding that Brinkley’s claim was not barred by the one-year statute of limitations. Leggett and Fidelity state that they provided Brinkley with a Form B-31 on October 20, 2011, and again on November 2, 2011, and both times Brinkley failed to sign or return the form. After Leggett and Fidelity filed an unsigned Form B-31 with the Commission on November 23, 2011, they then provided Brinkley with notice of the filing of the unsigned Form B-31 and a letter dated December 1, 2011, via certified mail. Leggett and Fidelity assert that Brinkley received notice of service of the certified mail on December 5, 2011, as documented by the post-office confirmation of delivery notice, and thus the one-year statute of limitations began to run when Brinkley received notice of delivery on December 5, 2011, and not January 30, 2012, as found by the full Commission. Leggett and Fidelity further claim that the Commission failed to cite any additional rules or cases that provide clarification as to any additional steps that could have been taken by them to provide adequate notice to Brinkley.
¶ 13. Brinkley argues, however, that the statute of limitations began to run on January 30, 2012, the date of the filing of the Form B-31 that he signed on January 25, 2012. Regarding the attempt to deliver notice of the filing to Brinkley, Brinkley claims that “[n]othing in the record suggests [he] knew the certified mail was from [Leggett and Fidelity] when he failed to claim it.” Brinkley also asserts that the record reflects no misconduct on his part. Brinkley further asserts that he returned the signed Form B-31 to Leggett and Fidelity three months after he received it. Brinkley further claims that “nothing in the record indicates that [Brinkley] was given a deadline to sign and return the [Form] B-31 when he received it in October 2011.”
¶ 14. We acknowledge that in Nowell v. Taylor Machine Works, MWCC No. 98-12242-H-2494, 2003 WL 21043110, at *1 (Miss.Work.Comp.Comm’n 2003), the Commission recognized that the claimant was responsible for returning the Form B-31 within a reasonable time. We also *110 acknowledge that in the present case, the record reflects that Leggett and Fidelity mailed Brinkley the Form B-31 on October 20, 2011, and also on November 2, 2011, providing Brinkley an opportunity to sign the form to acknowledge final payment and settlement. Leggett and Fidelity filed the unsigned form with the Commission only after failing to receive a timely response from Brinkley after mailing the Form B-31, notice of final payment, to him twice. Leggett and Fidelity then sent a copy of the filed unsigned form to Brinkley by certified mail with a letter dated December 1, 2011. The record shows that Brinkley not only failed to timely respond to the notice of the certified mail, but also failed to respond to the previous October 20, 2011 and November 2, 2011 mailings of the Form B-31 requesting that he execute the form for acknowledgment of final payment of compensation and settlement. Moreover, the Form B-31 and information mailed to Brinkley informed him of the statute of limitations and clearly reflected that the form acknowledged final payment of compensation and final settlement.
¶ 15. When reviewing whether a claim is barred by the one-year statute of limitations, the Mississippi Supreme Court has held that section 71-3-53, Mississippi Code Annotated section 71-3-37(7) (Rev. 2011), and Mississippi Workers’ Compensation Commission Procedural Rule 17,[1] “must be considered together.” Staple Cotton Servs. Ass’n v. Russell, 399 So.2d 224, 226 (Miss.1981).
¶ 16. Section 71-3-53 states, in pertinent part:
Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.
¶ 17. Mississippi Code Annotated section 71-3-37(7) provides:
Within thirty (30) days after the final payment of compensation has been made, the employer shall send to the commission a notice in accordance with a form prescribed by the commission, stating that such final payment has been made, the total amount of compensation paid, the name of the employee and of any other person to whom compensation has been paid, the date of the injury or death, and the date to which compensation has been paid.... No case shall be closed nor any penalty be assessed without notice to all parties interested and without giving to all such parties an opportunity to be heard.
(Emphasis added).
¶ 18. Workers’ Compensation Commission Procedural Rule 17 states:
The requirement for the filing of Commission Form B-31, shall be deemed to have been met upon receipt by the Commission of such form, signed by the claimant, provided however, that the form so filed is in accordance with the requirements of section 71-3-37(7) of the Act and contains the information specified therein. In the event Form *111 B-31 is not signed by claimant, the unsigned form shall be filed with the Commission with notice of such filing thereafter given to the claimant by the employer or carrier by certified mail. Should the original or any subsequent Form B-31 be filed that does not furnish all medical or other information required, another Form B-31 containing complete information shall be filed as soon as possible thereafter as provided in section 71-3-37.
¶ 19. The supreme court, in Staple, 399' So.2d at 227, cited Dunn’s Mississippi Workmen’s Compensation 2d ed. § 256 (Supp.1978) and listed the necessary conditions to start the running of the one-year statute of limitations:
One requirement of the employer is that a notice be filed with the commission stating that final payment has been made, the amount paid and certain other information identifying the case. Other procedural requirements are noted below.
Provision is made that no case shall be closed without giving notice to all parties interested and without giving to all parties an opportunity to be heard. But when the required form is signed by the claimant and filed with the Commission, no formal hearing or order is necessary to start the running of the time limitation and no other or further notice need be given the claimant.
Where the required form is presented to the claimant and he neglects or refuses to sign the receipt, the employer or carrier may state the failure or refusal as a reason and the filing is effective without the claimant’s signature, and the running of time under the limitation section of the Act will begin; provided, however, that the employee is given due notice that the unsigned form has been actually filed with the Commission. Two absolute requirements have been emphasized as essential to compliance with due process of law: (1) the employee must be given an opportunity to sign the form before it is filed and (2) notice of the filing of the form without the employee’s signature must be given to the employee not before but after the notice has been filed with the Commission. No specific form for proof of notice is required. A distinction is made as between a form that is signed by the claimant and one that is unsigned. If the claimant signs the form, no other notice is required.
¶ 20. In Mississippi courts and cases before the Commission, precedent reflects that notice may be provided by service through mail. In its order, the full Commission herein cited sections 71-3-53 and 71-3-37, and stated that the one-year statute of limitation begins upon, “and is wholly dependent upon,” the proper filing of the Form B-31. The full Commission stated that the Form B-31 provides actual notice to the employee that his or her rights to benefits may be lost if the matter remains dormant for the next year.
¶ 21. The full Commission found that Leggett and Fidelity’s November 23, 2011 filing of an unsigned Form B-31, and mailing notice thereof to Brinkley, failed to start the running of the one-year statute of limitations. The full Commission explained that Brinkley did not receive actual notice of the November 23, 2011 filing of the form, since the postal-service tracking notification reflecting an unsuccessful delivery of the filing notice. We have recognized that “[f]or complete but unsigned [Form B-31s], the one-year statute of limitations begins to run when the claimant is notified by the employer that the unsigned form has been filed with the Commission.” McCrimon v. Red Arrow Car Wash, 859 So.2d 395, 398 (¶ 10) (Miss.Ct.App.2003) (citations omitted); see also McLemore v. *112 Jackson Tile Mfg. Co., 252 So.2d 781, 783 (Miss.1971) (“[I]n order to start the running of time under the limitation, the employee ... must be given notice that the unsigned form has been actually filed with the Commission.”).
¶ 22. We turn to a review of precedent discussing the requirement of providing sufficient notice to a claimant in order to start the running of the one-year statute of limitations. In Carter v. Wrecking Corp. of America, 234 Miss. 559, 562, 107 So.2d 116, 118 (1958), the insurance carrier mailed the employer a check for the last payment of compensation benefits and two copies of Form B-31. The claimant, Carter, testified that he recalled receiving one copy of the Form B-31. Id. The resident claim manager for the employer filed one copy of the Form B-31 final report and settlement receipt with the Commission on March 15, 1950. Id. at 563, 107 So.2d at 118. Over three years later, on June 14, 1953, Carter filed with the Commission a Form B-ll, in which he asked that the case be listed as a controverted matter and set for a hearing to determine the amount of compensation owed to him, as well as the amount of permanent disability suffered by him. Id. Upon review, the Commission dismissed Carter’s claim for compensation on the ground that the Commission lacked jurisdiction at that time to review the case, since Carter failed to file his application for review before the expiration of one year after the date of the last payment of compensation. Id. at 564, 107 So.2d at 119.
¶ 23. Carter appealed, arguing that the employer and its insurance carrier failed to provide Carter with notice, as required by statute, that the case would be closed. Id. The supreme court, on review, determined that the information provided to Carter in the Form B-31 “was. sufficient to satisfy the [statutory] requirements ... relating to the notice which should be sent to the [C]mmission.” Id. at 566, 107 So.2d at 120. The supreme court found that Carter admitted that he had received the following: a copy of the Form B-31 report, entitled “Final Report and Settlement Sheet,” which showed the total compensation payments made to him, a check for final payment of benefits, a form “Final Receipt” for the final payment, as well as a letter from the insurance carrier, requesting him to sign the final receipt and return it to the carrier. Id. The supreme court held that Carter received “ample notice” that the check mailed to him with the Form B-31 constituted final payment, and that the case was being closed. Id.-, see also Brown v. F.W. Woolworth Co., 348 So.2d 236, 238-39 (Miss.1977) (distinguishing the facts in Carter from the facts in McLemore).
¶ 24. In contrast, in McLemore, 252 So.2d at 784, the supreme court held that insurance carrier’s mailing of a final report and Form B-31 to both the claimant and Commission with the notation stating “original hereof this date mailed to Commission” failed to provide the claimant with sufficient notice that the notice of final payment and settlement had actually been filed with the Commission. The supreme court found that McLemore did not receive the notice as contemplated and required by section 71-3-37(7). Id. The McLemore court explained that due process is provided only if a claimant receives notice of the filing of the unsigned Form B-31 after it is filed with the Commission. Id. In Brown, the supreme court further explained that notice by mail in McLemore was found to be insufficient because the Form B-31 and notice failed to clearly reflect that the Form B-31 constituted final payment and settlement. Brown, 348 So.2d at 238-39.
*113 ¶ 25. Similar to the facts in Carter, in Nowell, 2003 WL 21043110, at *1, a published Commission decision, the Commission held that the Form B-31 mailed to the claimant, Nowell, was clearly entitled “final report and settlement,” and that No-well received the Form B-31 mailed by the employer, but he “failed or refused to sign and return [the Form B-31] within a reasonable period of time.” Id. The employer then filed the Form B-31 notice of final payment with the Commission without No-well’s signature. Id. The employer sent Nowell a certified letter on August 29, 2000, advising him that the Form B-31 notice of final payment had been filed with the Commission on April 21, 2000. Id. On October 10, 2000, the employer filed with the Commission a copy of the certified letter it had previously sent Nowell. Id. On October 10, 2001, Nowell filed a petition to controvert. Id. Upon review, the Commission held that the one-year statute of limitations under section 71-3-37(7) began to run on August 31, 2000, the date Nowell was provided notice by mail that the employer filed the unsigned Form B-31 notice of final payment with the Commission. Id. at *2.
¶ 26. As stated, in the present case, on October 20, 2011, Fidelity sent a Form B-31 notice of final payment to Brinkley for execution. When Brinkley failed to return the signed Form B-31, Fidelity sent another letter via certified mail on November 2, 2011, requesting execution of the enclosed Form B-31. When Brinkley failed to return the first or second Form B-31 notice of final payment, Fidelity filed an unsigned Form B-31 with the Commission on November 23, 2011. Following receipt of the stamped-filed copy from the Commission, Fidelity sent a letter dated December 1, 2011, to Brinkley via certified mail, return receipt requested, providing him with the stamped-filed Form B-31, and referring Brinkley to the section on the Form B-31 regarding the one-year statute of limitations. The certified mail documentation confirms that the post office left notice of delivery on December 5, 2011.
¶27. In this case, the record reflects that Fidelity provided Brinkley notice on December 5, 2011, via certified mail that the Form B-31 notice of final payment had been filed with the Commission. Similar to Nowell, 2003 WL 21043110, at *1, the notice in the instant case delivered via certified mail on December 5, 2011, met the statutory requirements under section 71-3-37. As in Carter, 234 Miss, at 566, 107 So.2d at 120, the record herein reflects that Brinkley received ample opportunity to sign the form before it was filed, but he failed to respond within a reasonable time after receipt of the Form B-31. We further acknowledge that the record reflects Brinkley’s admission to receiving the Form B-31 notice of final payment three months before he signed and returned the form to Fidelity.
¶ 28. With respect to notice by service by mail, we have recognized that
both the United States and Mississippi Supreme Court have considered the effect of written notice by mail in a court proceeding which permitted such a communication. The courts have uniformly recognized that there is a presumption that mail properly directed and deposited is timely delivered to the individual to whom it was addressed. Moreover, mere denial of receipt is insufficient to create a triable issue of fact.
Pennington v. U.S. Gypsum Co., 722 So.2d 162, 165 (IT 15) (Miss.Ct.App.1998) (citations and quotation marks omitted).
¶ 29. Accordingly, we find the one-year statute of limitations began to run when Brinkley received notice of delivery on December 5, 2011, of the mailed copy of the *114 filed, unsigned Form B-31 notice of final payment. Brinkley failed to file his petition to controvert within the one-year statute of limitations. We therefore reverse and render the judgment of the full Commission.
¶ 80. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., IRVING, P.J., ISHEE, ROBERTS, MAXWELL AND FAIR, JJ„ CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. At the time of the Staple opinion, Commission Procedural Rule 17 was titled Commission Rule B-17.